# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC | |
| Plaintiff, | |
| v. | |
| FANTASIA TRADING, LLC D/B/A ANKERDIRECT and ANKER INNOVATIONS LIMITED; | C.A. No. 19-cv-02293-CFC-SRF |
| Defendant, | |
| POWER INTEGRATIONS, INC. | |
| Movant-Intervenor. | |

## POWER INTEGRATIONS, INC.'S ANSWER IN INTERVENTION, DEFENSES, AND COUNTERCLAIMS

Movant-Intervenor Power Integrations, Inc. ("PI") answers the Complaint filed by CogniPower LLC ("CogniPower") dated December 18, 2019 (D.I. 1) as follows. PI denies each and every allegation and characterization in CogniPower's Complaint unless expressly admitted in the following paragraphs. PI denies liability for any alleged patent infringement and denies that CogniPower is entitled to the relief requested or any other.

## ANSWER TO NATURE OF THE ACTION

1.     PI admits that the Complaint purports to set forth an action for patent infringement arising under the patent laws of the United States.  PI admits the Court has subject matter jurisdiction over that action.

## ANSWER TO THE PARTIES

2.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

3.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

4.     On information and belief, PI admits that Defendant Fantasia Trading LLC (hereinafter "Fantasia") is a Delaware limited liability company with a principal place of business located at 5350 Ontario Mills Pkwy, Suite 100, Ontario, CA 91764 and that its registered agent for service of process is Business Filings Incorporated at 108 W. 13th Street, Wilmington, Delaware 19801.

5.     On information and belief, PI admits that Anker Innovations Limited is a Hong Kong company with a principal place of business at Room 1318-19, Hollywood Plaza, 610 Nathan Road, Mongkok, Kowloon, Hong Kong SAR, People's Republic of China.  PI lacks sufficient information to admit or deny the remaining allegations of this Paragraph and on that basis denies those allegations.

6.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

7.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

8.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

9.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

10.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

11.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

12.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

13.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

14.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

15.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

16.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

17.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

18.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

19.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

20.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

## ANSWER TO JURISDICTION AND VENUE

21.     PI admits that the Complaint purports to allege an action for patent infringement arising under the patent laws of the United States, but denies that PI or Fantasia has committed any act of infringement.  PI admits the Court has subject matter jurisdiction over the action as pleaded.

22.     PI admits that the Court has personal jurisdiction over PI and Fantasia for the purposes of this action.

23.     PI does not contest that venue is proper in this Court for purposes of this action.

24.     PI lacks sufficient information to admit or deny the allegations of this

Paragraph and on that basis denies those allegations.

**PI LACKS SUFFICIENT INFORMATION TO ADMIT OR DENY THE ALLEGATIONS
OF THIS PARAGRAPH AND ON THAT BASIS DENIES THOSE ALLEGATIONS.**

## ANSWER TO JOINDER

25.     PI admits that the Complaint alleges that Fantasia and Anker

Innovations Limited infringe the Patents-in-Suit with respect to the same products.

PI denies the remaining allegations of this Paragraph.

26.     Denied.

27.     Denied.

## ANSWER TO PATENTS-IN-SUIT

28.     PI admits that a copy of what appears to be U.S. Reissue Patent No.

RE47,031 (hereinafter "the '031 patent") is attached to the Complaint as Exhibit A,

and that the '031 patent is entitled "Power converter with demand pulse isolation."

PI lacks sufficient information to admit or deny the remaining allegations of this

Paragraph and on that basis denies those allegations.

29.     Denied.

30.     PI admits that a copy of what appears to be U.S. Reissue Patent No.

RE47,713 (hereinafter "the '713 patent") is attached to the Complaint as Exhibit B,

and that the '713 patent is entitled "Power converter with demand pulse isolation."

PI lacks sufficient information to admit or deny the remaining allegations of this Paragraph and on that basis denies those allegations.

31.    Denied.

32.    PI admits that the Complaint collectively refers to the '031 and '713 patents as the "Patents-in-Suit."

## ANSWER TO ACCUSED PRODUCTS

33.    PI admits that the some Anker products, including the Anker PowerPort Atom PD 1 and Anker PowerPort+ 1 charger products, incorporate PI's InnoSwitch  chips.  PI otherwise lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

## ANSWER TO COUNT I (ALLEGED INFRINGEMENT OF THE '031 PATENT)

34.    PI incorporates by reference as if fully set forth herein its responses to Paragraphs 1–34 above.

35.    PI admits that all U.S. patents are presumed valid, but denies that '031 patent is valid.

36.    Denied.

37.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

38.    PI admits that a copy of what appears to be an InnoSwitch SC1271K datasheet is attached to the Complaint as Exhibit C and a copy of what appears to

an InnoSwitch 3-CP datasheet is attached to the Complaint as Exhibit D.  PI lacks sufficient information to admit or deny the remaining allegations of this Paragraph and on that basis denies those allegations.

39.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

40.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

41.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

42.    PI admits that the Anker PowerPort Atom PD 1 and Anker PowerPort+ 1 charger products incorporate PI's InnoSwitch chips.  PI otherwise lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

43.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

44.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

45.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

46.    Denied.

47.   Denied.

48.   Denied.

49.   PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

50.   PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

51.   Denied.

52.   PI admits that it has been aware of the existence of the '031 patent since it received the Complaint and denies all other allegations of this Paragraph.

53.   Denied.

54.   Denied.

55.   Denied.

## ANSWER TO COUNT II (ALLEGED INFRINGEMENT OF THE '713 PATENT)

56.   PI incorporates by reference as if fully set forth herein its responses to Paragraphs 1–56 above.

57.   PI admits that all U.S. patents are presumed valid, but denies that '713 patent is valid.

58.   Denied.

59.   PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

60.     PI admits that a copy of what appears to be an InnoSwitch SC1271K datasheet is attached to the Complaint as Exhibit C and a copy of what appears to be an InnoSwitch 3-CP datasheet is attached to the Complaint as Exhibit D.  PI lacks sufficient information to admit or deny the remaining allegations of this Paragraph and on that basis denies those allegations.

61.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

62.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

63.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

64.     PI admits that the Anker PowerPort Atom PD 1 and Anker PowerPort+ 1 products incorporate PI's InnoSwitch chips.  PI otherwise lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

65.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

66.     PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

67.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

73.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

74.    Denied.

75.    PI admits that it has been aware of the existence of the '713 patent since it received the Complaint and denies all other allegations of this Paragraph.

76.    Denied.

77.    Denied.

78.    Denied.

## **ANSWER TO MARKING**

79.    PI lacks sufficient information to admit or deny the allegations of this Paragraph and on that basis denies those allegations.

## ANSWER TO JURY DEMAND

80.     PI admits that CogniPower has demanded a trial by jury as to all issues so triable.

## ANSWER TO PRAYER FOR RELIEF

PI denies that CogniPower is entitled to any relief, as prayed for or otherwise.

## AFFIRMATIVE DEFENSES

PI asserts the following affirmative defenses.  PI incorporates by reference as if fully set forth herein its responses to the allegations of Paragraphs 1–81 above.  PI reserves the right to allege additional defenses as they become known through discovery or otherwise.

### First Affirmative Defense: No Infringement

PI and Fantasia do not infringe and have not infringed (literally, under the doctrine of equivalents, contributorily, or by inducement) any valid and enforceable claim of the '031 and '713 patents (collectively "the Asserted Patents").

### Second Affirmative Defense: Invalidity

Each of the Asserted Patents, including each of the claims identified in the Complaint, is invalid because each fails to satisfy the conditions of patentability specified in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

**Third Affirmative Defense: Prosecution History Estoppel**

CogniPower is estopped, based on statements, representations and admissions made during prosecution of the patent applications resulting in the Asserted Patents, from asserting any interpretation of any of the patent claims that would be broad enough to establish any alleged infringement by PI or Fantasia.

**Fourth Affirmative Defense: Equitable Defenses**

CogniPower's attempted enforcement of the Asserted Patents against PI and Fantasia is barred by laches, estoppel, and unclean hands.

## COUNTERCLAIMS

PI hereby alleges as follows:

### PARTIES

1.      PI is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California 95138.

2.      Upon information and belief, CogniPower is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 3217 Phoenixville Pike, Malvern, Pennsylvania 19355.

### JURISDICTION AND VENUE

3.      This action arises under the United States patent laws, 35 U.S.C. §§ 101, *et seq.*, and includes a request for declaratory relief under 28 U.S.C. §§ 2201

and 2202. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331,

1338, and 2201, and 35 U.S.C. § 1, *et seq.*

4.      Upon information and belief, this Court has personal jurisdiction over

CogniPower because CogniPower has purposely availed itself of the privilege of

conducting activities within this State and judicial District.  For example,

CogniPower is incorporated in the state of Delaware and has availed itself of the

use of this District's courts in asserting its own patent rights.

5.      Upon information and belief, venue is proper in this Court pursuant to

28 U.S.C. § 1400(b) because CogniPower is a resident of the state of Delaware

through its incorporation under the laws of this state.

<u>GENERAL ALLEGATIONS RELATED TO PI's COUNTERCLAIMS</u>

6.      CogniPower has engaged in a broad and aggressive campaign to

harass and threaten PI's customers with assertions of patent infringement liability

premised on customer use of PI products.  As such, an actual controversy between

the parties exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and

2202.

7.      As set forth below, CogniPower alleges that it owns several patents

describing "Demand Pulse Regulation" ("DPR") technology and has erroneously

alleged that its DPR technology patents are infringed by PI's customers based on

their use of PI's products.

8.   CogniPower's actions have not been limited to mere threats, but also include actual initiation of patent infringement litigation against PI's customer predicated on its use of PI's integrated circuit products.

9.   On December 18, 2019, CogniPower filed the present case in the U.S. District Court for the District of Delaware (the "CogniPower Complaint"), alleging patent infringement by Fantasia Trading LLC d/b/a AnkerDirect and Anker Innovations Limited (collectively the "Anker Defendants").

10.   The CogniPower Complaint alleges that CogniPower is the owner and assignee of the '031 Patent, entitled "Power converter with demand pulse isolation." (D.I. at ¶ 29.)

11.   The CogniPower Complaint also alleges that CogniPower is the owner and assignee of the '713 Patent, entitled "Power converter with demand pulse isolation." (*Id.* at ¶ 31.)

12.   The '031 and '713 patents are related to one another and allegedly also relate to CogniPower's DPR technology.

13.   According to the CogniPower Complaint, Fantasia Trading LLC d/b/a AnkerDirect and Anker Innovations Limited "makes, uses, offers to sell, sells, and/or imports charging technology . . . that incorporate circuitry providing demand pulse regulation such as a Power Integrations InnoSwitch or LytSwitch-6 chip." (*Id.* at ¶ 34.)

14.     The infringement allegations of the CogniPower Complaint

extensively cite to and  rely upon alleged functionality in PI's products; for

example, the CogniPower Complaint includes numerous photographs of PI's IC

products and excerpts from PI's products datasheets.  (*E.g.*, *Id.* at Figs. 3-18 ('031

patent) and 20-21  ('713 patent).)

15.     In addition to initiating litigation on its DPR patents, CogniPower has

also asserted that other PI customers infringe its DPR patents based on using PI's

InnoSwitch™ integrated circuit  products.  For example, on information and belief,

on or around June 26, 2020, CogniPower provided a slide deck to, and made a

presentation to, PI's customer Samsung, stating that its DPR patents ███████

████████████████████████████████████████████████████

16.     Samsung responded ██████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████

███████████████████████████████

████

17.     CogniPower's litigation against Anker and threats against other PI customers is material to PI's own economic and legal interests.  On July 30, 2020, PI disclosed to investors in a formal SEC document that "CogniPower had charged the Company's customers with infringing, based on customer use of the Company's products."  PI further disclosed to its investors that "adverse determinations in litigation could result in monetary losses, the loss of proprietary rights, subject the Company to significant liabilities, require Power Integrations to seek licenses from third parties or prevent the Company from licensing the technology, any of which could have a material adverse effect on the Company's business, financial condition and operating results."

18.     In light of the specific allegations of the CogniPower Complaint and the additional  allegations relating to the same patents and technology in the Samsung Slides—all directed specifically to PI's customers and, on information and belief, all  predicated on its customers' use of PI's InnoSwitch™ integrated circuit products—a substantial controversy exists between parties with adverse legal interests of  sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  Accordingly,  an actual controversy within this Court's jurisdiction exists under 28 U.S.C. § 2201.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF U.S. PATENT NO. RE 47,031

19.     The facts and allegations of paragraphs 1-18 are incorporated by reference for this First Counterclaim as though fully set forth herein.

20.     The '031 patent is asserted against the Anker Defendants in the CogniPower Complaint, which relies on citations to PI's products datasheets.  The '031 patent also was identified in the Samsung Slides threatening PI's InnoSwitch™ customer Samsung.

21.     On information and belief, all of the allegations of the CogniPower Complaint and Samsung Slides allegedly relate to CogniPower's DPR technology, which CogniPower alleges is claimed in the '031 patent.

22.     For example, according to the CogniPower Complaint, Fantasia Trading LLC d/b/a AnkerDirect and Anker Innovations Limited "makes, uses, offers to sell, sells, and/or imports charging technology . . . that incorporate circuitry providing demand pulse regulation such as a Power Integrations InnoSwitch or LytSwitch-6 chip."  (D.I. 1 at ¶ 34.)

23.     Likewise, on information and belief, the Samsung Slides relate to allegations of infringement of the '031 patent by PI's customer Samsung, directly relating to its use of PI's InnoSwitch™ products.

24.     PI's InnoSwitch™ and LytSwitch-6™ products do not infringe any claim of the '031 patent; likewise no power supply product using PI's

InnoSwitch™ and LytSwitch-6™ products infringes any claim of the '031 patent. By way of example only, claim 1 of the '031 patent recites, in part, "a capacitor and a second rectifier both galvanically connected to the secondary winding, wherein: the second rectifier is different from the first rectifier and is poled to charge the capacitor during forward pulses of the apparatus; and the demand pulse generator is powered by energy stored in the capacitor to generate the demand pulses" and "a demand pulse generator galvanically connected to the secondary winding and configured to generate demand pulses applied via the galvanic isolation circuitry to the switch to adjust a frequency of the commutation of the input power to supply a desired amount of voltage or current to the load." At least these elements of claim 1 are not met by PI's InnoSwitch™ and LytSwitch-6™ products or any power supply utilizing PI's InnoSwitch™ and LytSwitch-6™ products, and therefore any such products and/or power supplies do not infringe.

25.    PI is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that PI's InnoSwitch™ and LytSwitch-6™ products (and/or power supplies incorporating them) do not infringe, directly or indirectly, any claim of the '031 patent either literally or under the doctrine of equivalents.

26.    CogniPower's false accusations of infringement of the '031 patent by customers are predicated on use of PI's products. Consequently, an actual and

justiciable controversy exists between PI and CogniPower concerning noninfringement of the '031 patent.

## SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. RE47,713

27.     The facts and allegations of paragraphs 1-18 are incorporated by reference for this Second Counterclaim as though fully set forth herein.

28.     The '713 patent is asserted against the Anker Defendants in the CogniPower Complaint, which relies on citations to PI's products datasheets.  The '713 patent also was identified in the Samsung Slides threatening PI's InnoSwitch™ customer Samsung.

29.     On information and belief, all of the allegations of the CogniPower Complaint and Samsung Slides allegedly relate to CogniPower's DPR technology, which CogniPower alleges is claimed in the '713 patent.

30.     For example, according to the CogniPower Complaint, Fantasia Trading LLC d/b/a AnkerDirect and Anker Innovations Limited "makes, uses, offers to sell, sells, and/or imports charging technology . . . that incorporate circuitry providing demand pulse regulation such as a Power Integrations InnoSwitch or LytSwitch-6 chip."  (D.I. 1 at ¶ 34.)

31.     Likewise, on information and belief, the Samsung Slides relate to allegations of infringement of the '713 patent by PI's customer Samsung, directly relating to its use of PI's InnoSwitch™ products.

32.    PI's InnoSwitch™ and LytSwitch-6™ products do not infringe any claim of the '713 patent; likewise no power supply product using PI's InnoSwitch™ and LytSwitch-6™ products infringes any claim of the '713 patent. By way of example only, claim 18 of the '713 patent recites, in part, "the secondary side further comprises: a first capacitor; and a first rectifier poled to charge the first capacitor during forward power converter pulses of the flyback converter, wherein the demand pulses are generated using energy stored in the first capacitor" and "a demand pulse generator galvanically connected to the secondary winding and configured to generate demand pulses applied via the galvanic isolation circuitry to the switch to adjust a frequency of the commutation of the input power to supply a desired amount of voltage or current to the load."  At least these elements of claim 18 are not met by PI's InnoSwitch™ and LytSwitch-6™ products or any power supply utilizing PI's InnoSwitch™ and LytSwitch-6™ products, and therefore any such products and/or power supplies do not infringe.

33.    PI is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that PI's InnoSwitch™ and LytSwitch-6™ products (and/or their use in a power supply) do not infringe, directly or indirectly, any claim of the '713 patent either literally or under the doctrine of equivalents.

34.    CogniPower's false accusations of infringement of the '713 patent by customers are predicated on use of PI's products.  Consequently, an actual and

justiciable controversy exists between PI and CogniPower concerning

noninfringement of the '713 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

    a.    judgment that PI has not infringed, and does not infringe, directly

        or indirectly, any claim of the '013 or '713 patent, either literally

        or under the doctrine of equivalents;

    b.    costs and reasonable attorneys' fees incurred in connection with

        this action pursuant to 35 U.S.C. § 285; and

    c.    such other and further relief as the Court finds just and proper.

## **JURY DEMAND**

PI hereby demands trial by jury on all issues.

Dated:  August 17, 2020      FISH & RICHARDSON P.C.

                    By:   */s/ Douglas E. McCann*
                           Douglas E. McCann  (No. 3852)
                           Warren K. Mabey, Jr. (No. 5775)
                           222 Delaware Avenue, 17th Floor
                           P.O. Box 1114
                           Wilmington, DE  19801
                           Telephone: (302) 652-5070
                           Email:  dmccann@fr.com;
                           mabey@fr.com

                           Frank E. Scherkenbach
                           One Marina Park Drive
                           Boston, MA  02210-1878
                           Telephone: (617) 542-5070
                           Email: scherkenbach@fr.com

Howard G. Pollack
Michael R. Headley
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Email: pollack@fr.com;
headley@fr.com

Attorneys for Movant-Intervenor
Power Integrations, Inc.