## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

COGNIPOWER LLC

      Plaintiff,

  v.

FANTASIA TRADING, LLC D/B/A
ANKERDIRECT and
ANKER INNOVATIONS LIMITED

      Defendant,

POWER INTEGRATIONS, INC.

      Movant-Intervenor.

Civ. No. 19-2293-CFC-SRF

**FILED UNDER SEAL**

## COGNIPOWER'S BRIEF IN OPPOSITION TO
## POWER INTEGRATION'S MOTION TO INTERVENE

**COLE SCHOTZ P.C.**
Michael F. Bonkowski (No. 2219)
Andrew L. Cole (No. 5712)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131 (Telephone)
(302) 652-3117 (Facsimile)
mbonkowski@coleschotz.com
acole@coleschotz.com
*Attorneys for Plaintiff*
*CogniPower LLC*

Dated: September 8, 2020

## TABLE OF CONTENTS

I.     SUMMARY OF COGNIPOWER'S ARGUMENT IN OPPOSITION..........1

II.    NATURE AND STAGE OF THE PROCEEDINGS ......................................5

III.   STATEMENT OF FACTS ........................................................................5

      A.     <u>PI Misrepresents Samsung and CogniPower's Relationship,</u>
           █████████████████████████████.................................5

IV.    ARGUMENT AND AUTHORITY ...............................................................9

      A.     Legal Standard.................................................................................9

           1.    Intervention as of Right under Fed. R. Civ. P. 24(a)(2) ...........9

           2.    Permissive Intervention under Fed. R. Civ. P. 24(b)...............10

      B.     PI's Case Law Does Not Support Intervention Here ..........................10

      C.     PI's Motion Satisfies None of the Intervention Factors.....................14

           1.    PI's Motion Is Not Timely ......................................................14

           2.    PI Lacks a Sufficient Interest in This Litigation......................16

           3.    PI Lacks a Sufficient, Impairable Legal Interest .....................17

           4.    PI's Long-Time Counsel Can Well-Represent PI's
               Interests .................................................................................18

      D.     The Court Should Deny Permissive Intervention ...............................20

V.     CONCLUSION........................................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACME Worldwide Enterprises, Inc. v. United States*,
    137 Fed. Cl. 469 (2018) ....................................................................................16

*Advanced Dynamic Interfaces, L.L.C. v. Aderas Inc.*,
    No. 12-CV-963-GMS, 2013 WL 6989428 (D. Del. Jan. 11, 2013) ............11, 12

*Apeldyn Corp. v. Sony Corp.*,
    852 F. Supp. 2d 568 (D. Del. 2012)...................................................................13

*Barrett v. McDonald*,
    No. CV 14-742-LPS, 2015 WL 237165 (D. Del. Jan. 16, 2015) ...............10, 20

*Brody v. Spang*,
    957 F.2d 1108 (3d Cir. 1992) ...........................................................................17

*Carroll v. Am. Fed'n of Musicians*,
    33 F.R.D. 353, 353 (S.D.N.Y 1963) .................................................................20

*f'real Foods, LLC v. Welbilt, Inc.*,
    No. CV 19-1028-CFC, 2019 WL 5626857 (D. Del. Oct. 31, 2019) .................13

*Guetzko v. KeyBank Nat'l Ass'n*,
    No. C08–2067, 2009 WL 482130 (N.D. Iowa Feb. 25, 2009)...........................19

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*,
    No. CIV.A. 04-1337-KAJ, 2005 WL 2465898 (D. Del. May 18,
    2005) .................................................................................................................12

*Intellectual Ventures I LLC v. AT&T Mobility LLC*,
    No. CV 12-193-LPS, 2014 WL 4445953 (D. Del. Sept. 8, 2014) ....................13

*In re Weingarten*,
    492 F. App'x 754 (9th Cir. 2012) (unpublished)...............................................19

*iWork Software, LLC v. Corp. Exp., Inc.*,
    No. 02 C 6355, 2003 WL 22494851 (N.D. Ill. Nov. 4, 2003) ...............1, 15, 17

*Kleissler v. U.S. Forest Serv.*,
    157 F.3d 964 (3d Cir. 1998) .........................................................10, 11

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
    419 F.3d 216 (3d Cir. 2005) ........................................................10, 17

*MiiCs & Partners Am., Inc. v. Toshiba Corp.*,
    No. CV 14-803-RGA, 2016 WL 11488672 (D. Del. June 15, 2016)................13

*MiiCs & Partners America, Inc. v. Toshiba Corp.*,
    282 F. Supp. 3d 851 (D. Del. 2017)...................................................13

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
    72 F.3d 361 (3d Cir. 1995) .................................................15, 16, 18

*Nikon Corp. v. ASM Lithography B.V.*,
    222 F.R.D. 647 (N.D. Cal. 2004).......................................................16

*Perrigo Co. v. Int'l Vitamin Co.*,
    No. 1:17-cv-01778, 2019 WL 359991 (D. Del. Jan. 29, 2019).........................15

*Power Integrations Inc. v. Fairchild Semiconductor International Inc.
et al.*,
    No. 1:08-cv-00309 (D. Del.).............................................................. 20

*Princeton Digital Image Corp. v. Office Depot Inc.*,
    Civ. No. 13-239-LPS, 2016 WL 1533697 (D. Del. 2016) ............................... 13

*Proxim Inc. v. 3Com Corp.*,
    Civ. No. 01-155-SLR, 2003 WL 403348 (D. Del. 2003)..................................14

*Select Retrieval LLC v. AmeriMark Direct LLC*,
    No. CV 11-812-RGA, 2013 WL 3381324 (D. Del. July 3, 2013) ....................13

*St. Clair Intellectual Prop. Consultants, Inc. v. Acer, Inc.*,
    Civ. No. 09- 354-LPS, 2012 WL 3536454 (D. Del. 2012) ...............................14

*Union Cent. Life Ins. Co. v. Hamilton Steel Prod. Inc.*,
    374 F.2d 820 (7th Cir.1967) ............................................................19

*United States v. City of Los Angeles*,
    288 F.3d 391, 398 (9th Cir. 2002)))....................................................19

*United States v. Territory of Virgin Islands*,
748 F.3d 514 (3d Cir. 2014) .................................................................................18

**Other Authorities**

Fed. R. Civ. P. 1 ...............................................................................................1, 3

Fed. R. Civ. P. 24(a)(2).............................................................................................9

Fed. R. Civ. P. 24(b) ........................................................................................10, 20

LR 7.1.3(c)(2) ......................................................................................................15

## TABLE OF EXHIBITS

| Exhibit | Name |
|---------|------|
| A | █████████████ |
| B | ████████████████████ |
| C | ██████████████████ |
| D | ████████████████ |
| E | ███████████████ |
| F | ██████████████████ |
| G | Oracle's Opening Brief is Support of Motion to Intervene in *Advanced Dynamic Interfaces, L.L.C. v. Aderas Inc.*, No. 12-CV-963-GMS (D. Del.) |
| H | Advanced Dynamic Interfaces Brief in Opposition to Oracle's Motion to Intervene in *Advanced Dynamic Interfaces, L.L.C. v. Aderas Inc.*, No. 12-CV-963-GMS (D. Del.) |
| I | Joinder: Over a Year after the America Invents Act |
| J | Adobe's Brief in Support of Motion to Intervene in *Princeton Digital Image Corp. v. Office Depot Inc.*, Civ. No. 13-239-LPS (D. Del.) |
| K | Intel's Brief in Support of Motion to Intervene in *St. Clair Intellectual Prop. Consultants, Inc. v. Acer, Inc.*, Civ. No. 09- 354-LPS (D. Del.) |
| L | Fish & Richardson Press Release |
| M | Docket showing attorneys of record in *Power Integrations Inc. v. Fairchild Semiconductor International Inc. et al.*, No. 1:08-cv-00309 (D. Del.) |

## I.     SUMMARY OF COGNIPOWER'S ARGUMENT IN OPPOSITION

In the guise of a Motion to Intervene, PI asks for the same effective relief the Court already denied when it dismissed PI's declaratory judgment action. As another court found in the same situation:

> "webMethods has already brought a separate declaratory judgment action for non-infringement of its software and invalidity of iWork's '888 patent. Judge Kennelly dismissed the action for lack of subject matter jurisdiction, finding no case or controversy between iWork and webMethods. webMethods now seeks to raise essentially the same arguments in the guise of an intervenor. To allow webMethods to present the same arguments and evidence again would not be in the interests of justice or judicial efficiency. … the Court denies webMethods' motion to intervene"

*iWork Software, LLC v. Corp. Exp., Inc.*, No. 02 C 6355, 2003 WL 22494851, at *5 (N.D. Ill. Nov. 4, 2003) (internal citation omitted); *see also* FED. R. CIV. P. 1. This Court should do the same.

PI cannot meet its burden in proving the four factors required for intervention by right. Given the stage of the proceedings, PI's motion is not timely, as it comes only on after losing its attempt to interfere with this litigation through a declaratory judgment action. Even if the Court finds that this second bite at the apple is timely, PI lacks a sufficient interest in this litigation. PI's interests are purely economic, which the Third Circuit has long held are not the type of interest that can support intervention. Because it lacks a sufficient interest, its interests cannot be impaired by this case. Finally, since Anker is represented by PI's long-time counsel, PI cannot

show that Anker will not adequately represent PI's interest. They have the same counsel. And PI cannot show that the Court should allow permissive intervention because PI cannot show that there is an independent basis for subject matter jurisdiction to warrant its intervention here. The Court should deny the Motion.

Contrary to PI's alleged "changed circumstances" for filing this Motion, nothing has changed since the Court dismissed PI's Declaratory Judgment claims. D.I. 17. Anker is still the only Defendant.[1] Anker, not PI, manufactures and sells the accused products. PI still has not argued that it is implicated as a direct infringer of the '031 or '713 Patents. And PI already raised alleged "threats" to its other customers in response to CogniPower's Motion to Dismiss PI's declaratory judgment action. The Court did not allow PI to participate then. D.I. 17. And the Court should not allow PI to do so now. To be clear, PI references "threats" to four alleged customers: ████████████████████████████ ████████. There is no new evidence presented by PI as to ████████████████, and the Court analyzed the evidence related to ██████████████████ in its ruling dismissing PI's declaratory judgment action. PI fails to apprise the Court that three of the four "customers" were already addressed by the Court and that there is no new

---

[1] CogniPower has served Fantasia Trading, LLC d/b/a Ankerdirect, and is still in the process of serving Anker Innovations Limited, a Chinese entity. "Anker" refers generally to both Defendants. For purposes of this brief, there is no reason to distinguish between them, so CogniPower treats them as one entity here.

evidence cited by PI related to those three "customers." The only potential "changed circumstance" relates to ███████, which, as PI is acutely aware, is not a new development that should alter the Court's analysis in dismissing PI's declaratory judgment.

4

## II.    NATURE AND STAGE OF THE PROCEEDINGS

CogniPower sued Anker in December 2019. D.I. 1. Before Anker answered, PI sought to take over the litigation when it filed a declaratory judgment action against CogniPower. D.I. 1 (1:20-cv-00015-CFC). Anker then filed an Answer (D.I. 7) and, on the same day, moved to stay CogniPower's suit against Anker pending PI's declaratory judgment action. D.I. 8.

CogniPower opposed both PI's declaratory judgment action and Anker's request for a stay. D.I. 13, 1:20-cv-00015-CFC; D.I. 11, 1:19-2293-CFC. The Court dismissed PI's declaratory judgment action and denied Anker's request for stay. D.I. 17, 1:20-cv-00015-CFC; D.I. 18, 1:19-2293-CFC.

PI filed the present Motion to Intervene on August 17, 2020. D.I. 27-28.

## III.    STATEMENT OF FACTS

### A.    PI Misrepresents Samsung and CogniPower's Relationship, Which Long Predates PI's InnoSwitch Product

PI misrepresents CogniPower's interactions with ████. CogniPower never threatened ████. CogniPower and ██████████████████ ██████████████████████████████████████.

59788/0001-21225689v1

As for the specific discussions that PI has put at issue,

59788/0001-21225689v1

7



8

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

## IV.   ARGUMENT AND AUTHORITY

### A.   Legal Standard

#### 1.   Intervention as of Right under Fed. R. Civ. P. 24(a)(2)

The Third Circuit "require[s] proof of four elements from the applicant

seeking intervention as of right: first, a timely application for leave to intervene;

second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998). "Each of these requirements must be met to intervene as of right." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005).

> [T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated. The facts assume overwhelming importance in each decision.

*Kleissler*, 157 F.3d at 972.

### 2.      Permissive Intervention under Fed. R. Civ. P. 24(b)

"To establish that intervention is warranted under Rule 24(b), the intervenor must demonstrate: (1) an independent basis for subject matter jurisdiction, (2) a timely motion, and (3) a claim or defense that has a common question of law or fact with the primary litigation." *Barrett v. McDonald*, No. CV 14-742-LPS, 2015 WL 237165, at *2 (D. Del. Jan. 16, 2015).

### B.      PI's Case Law Does Not Support Intervention Here

CogniPower addresses the factors in detail below, but first, CogniPower must address PI's case law and put it in the broader factual context of the cases to show how little bearing they have on the current dispute.

59788/0001-21225689v1

The facts here are peculiar for a Motion to Intervene. First, PI already filed a declaratory judgment action requesting the same type of relief that this Court dismissed for lack of a case or controversy. The case involves a single defendant that manufactures and sells the accused products. PI still has not argued that it is implicated as a direct infringer of the asserted patents. There is no allegation in the Motion that PI owes Anker indemnity or that Anker has even requested indemnity. The only indemnity allegations involve entities that are not involved here, and, according to the Motion, PI has not agreed to provide indemnity to any of them. Because these "facts assume overwhelming importance in each decision," this forms the backdrop for evaluating PI's case citations. *Kleissler*, 157 F.3d at 972.

PI's lead case in support of intervention is *Advanced Dynamic Interfaces, L.L.C. v. Aderas Inc.*, No. 12-CV-963-GMS, 2013 WL 6989428 (D. Del. Jan. 11, 2013). But the case supports denial of PI's Motion. First, the *ADI* court granted the very same relief that this Court already denied - "IT IS HEREBY ORDERED that Oracle's Motion to Intervene and Stay is GRANTED, such that the above-captioned matter is STAYED pending disposition of Oracle's declaratory judgment action." *Id.* at *1; *see also* Ex. G at 1 (Oracle's Opening Brief) ("Oracle has moved to intervene for purposes of seeking to stay this customer suit in favor of its declaratory judgment suit."). And unlike here, ADI did not oppose intervention on the merits. Ex. H at 17 (Opposition Brief) ("Because, as discussed above, Oracle's motion for a stay should

11

be denied, its motion to intervene for the purposes of obtaining a stay should likewise be denied as moot."). If that was not enough, ADI sued 20 different Oracle customers in the same case, ADI accused Oracle's APEX product of direct infringement, and Oracle received indemnity requests "from its customers that ADI named as defendants." *Advanced Dynamic Interfaces*, 2013 WL 6989428 at n.1 ("Oracle also maintains an immediate financial interest in this litigation and the requested stay because it has received indemnification requests *in connection with this action*.") (emphasis added). None of those facts are present here. Anker is the only defendant, and unlike the customers in *ADI*, it manufactures the accused products. And PI provides no evidence that it has agreed to indemnify or owes any legal duty to indemnify Anker; its indemnity arguments relate to other entities which are not parties here.

PI also relies heavily on *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, No. CIV.A. 04-1337-KAJ, 2005 WL 2465898, at *1 (D. Del. May 18, 2005), a case filed against 40 defendants before the AIA changed the joinder rules in 2011. *See* Ex. I (explaining AIA's change to the joinder rule). As Judge Robinson summed it up well, the *Honeywell* court found "it would be 'unwise' to attempt to try a case against 40 defendants in a large-scale litigation where 'liability depends exclusively upon infringement being found as to an LCD component that the defendants do not manufacturer and when at least some of the manufacturers of the LCDs are before

12

the court and are willing to stand behind their products in this litigation.'" *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 576 (D. Del. 2012). These factors are not present here.

None of the other cases cited by PI have any bearing on this case.

- *f'real Foods, LLC v. Welbilt, Inc.*, No. CV 19-1028-CFC, 2019 WL 5626857, at *1 (D. Del. Oct. 31, 2019) involved a motion to stay the case against the manufacturer directly in Delaware pending the outcome of the Florida case the manufacturer had intervened in, and this Court never agreed with or evaluated the Florida court's decision on intervention;

- *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. CV 12-193-LPS, 2014 WL 4445953, at *1 (D. Del. Sept. 8, 2014) involved 13 original defendants across eight separate matters and multiple motions to intervene;

- *Select Retrieval LLC v. AmeriMark Direct LLC*, No. CV 11-812-RGA, 2013 WL 3381324, at *1 (D. Del. July 3, 2013) involved multiple cases against multiple defendants spread across at least five different district courts, including a live declaratory judgement action by Adobe, and the plaintiff did not dispute that Adobe had a duty to indemnify the defendants in the case;

- *MiiCs & Partners America, Inc. v. Toshiba Corp.*, 282 F. Supp. 3d 851, 853 (D. Del. 2017) provides no analysis, but the order on the Motion to Intervene shows that there were multiple cases and multiple defendants, that the intervenor manufactured the accused LCD modules, and plaintiff did not "meaningfully contest the second and third elements required to grant a motion to intervene." *MiiCs & Partners Am., Inc. v. Toshiba Corp.*, No. CV 14-803-RGA, 2016 WL 11488672, at *1 (D. Del. June 15, 2016);

- *Princeton Digital Image Corp. v. Office Depot Inc.*, Civ. No. 13-239-LPS, 2016 WL 1533697, at *1 (D. Del. 2016) provides no analysis, but the briefing shows that the case involved many defendants, almost all big box chains like Office Depot, and Adobe sought to intervene based

13

on a license agreement with Princeton Digital that Adobe thought covered the defendants. Ex. J (Adobe's Motion to Intervene);

- *St. Clair Intellectual Prop. Consultants, Inc. v. Acer, Inc.*, Civ. No. 09-354-LPS, 2012 WL 3536454, at *1 (D. Del. 2012) provides no analysis and there was only an oral order, but the briefing shows that there were multiple cases and many defendants that had requested indemnity from Intel. Ex. K (Intel Motion to Intervene).

- *Proxim Inc. v. 3Com Corp.*, Civ. No. 01-155-SLR, 2003 WL 403348, at *1 (D. Del. 2003) provides no analysis and the briefing was unavailable online, but the case involved multiple defendants and the intervenor was already involved in a parallel action related to the same technology at the ITC, so the court granted the Motion to Intervene and stayed the case pending the outcome of the ITC matter.

In sum, PI did not cite a single case granting intervention where there was a single defendant that manufactures and sells the accused product, the intervenor's product has not been accused of direct infringement, and where the only alleged indemnity requests come from non-defendants. Nor did PI cite any cases from the Third Circuit that allowed intervention where the same court had already denied the same basic relief in dismissing a manufacturer's declaratory judgment action and the customer's request for a stay.

### C.   PI's Motion Satisfies None of the Intervention Factors

#### 1.   PI's Motion Is Not Timely

PI's Motion is not timely given the state of the proceeding and PI's previous, failed attempt to inject itself into the case. The Third Circuit has listed three factors for a district court to consider regarding the timeliness of a motion to intervene: (1) the state of the proceeding; (2) the prejudice that delay may cause the parties; and

14

(3) the reason for the delay. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995). PI's Motion does not consider these factors at all in its motion, and therefore cannot meet its burden on the timeliness of the motion to intervene.[2]

This case has been pending since December 2019. D.I. 1. Rather than seek to intervene from the outset, PI filed a declaratory judgment action (D.I. 1, 1:20-cv-00015) and Anker filed a corresponding a Motion to Stay. D.I. 8. Nothing prevented PI from moving to intervene rather than file a declaratory judgment action. It was only after the Court dismissed the declaratory judgment that PI filed the current Motion based on "changed circumstances." The Court should not permit PI bite after bite at the apple. It chose its strategy, and it failed. PI cannot meet this element, and the Court should deny this Motion, just as the court did in the *iWork* matter. *See iWork Software*, No. 02 C 6355, 2003 WL 22494851, at *5 (denying Motion to Intervene when, as here, intervenor sought a declaratory judgment action, had it dismissed for lack of a case or controversy, and then moved to intervene).

---

[2] This is a recurring issue and the Court should not allow PI to raise new arguments in reply. *Perrigo Co. v. Int'l Vitamin Co.*, No. 1:17-cv-01778, 2019 WL 359991, at *2 (D. Del. Jan. 29, 2019) ("Because this argument was raised for the first time in a reply brief, this Court may consider it waived."); *see also* D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.").

## 2.    PI Lacks a Sufficient Interest in This Litigation

PI lacks a sufficient interest in this litigation to intervene. PI bases its alleged interest on these points: (1) PI makes a part that goes into the finished product that CogniPower accuses of direct infringement; (2) CogniPower sued PI's customer Anker and allegedly threatened others; (3) ███████████████████████; and (4) PI may face lost sales. D.I. 28 at 11-12. None of these allegations can create a legal interest in this litigation, which is required for intervention.

The Third Circuit has long been clear that a mere financial interest is not enough to have a legal interest in the litigation. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) ("In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene."). Considering the same factor, other courts have found PI's arguments lacking. *See, e.g.*, *ACME Worldwide Enterprises, Inc. v. United States*, 137 Fed. Cl. 469, 476–77 (2018) (finding that future sales are merely an economic interest); *Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 650 (N.D. Cal. 2004) ("Zeiss has not established the requisite *legally* protectable interest - that is, a statutory, contract, or constitutional interest in this litigation. Rather, all that Zeiss states is an *economic* interest, albeit of a significant sort. There is no question that Zeiss has substantial business and economic interests in this litigation; should ASML's microlithographic components be found unlawful, Zeiss's business would

suffer a concomitant blow. … It follows that Zeiss may not intervene as a matter of right."); *iWork Software*, 2003 WL 22494851, at *2-3 ("Even if webMethods were to have indemnified defendants that would not change its position with respect to the instant litigation. … In sum, webMethods does not have a legally protectable interest in the instant suit").

PI did not identify a legally protectable interest in this case.

### 3.    PI Lacks a Sufficient, Impairable Legal Interest

The Court only will address this issue if PI has shown an acceptable legal interest in this case, which it hasn't. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 227 (3d Cir. 2005) ("We examine the impairment element only after the applicant for intervention as of right has shown a protectable legal interest"). Because PI has lacks a sufficient legal interest in this litigation, there is no reason for the Court to weigh this factor. But if the Court determines that it should consider it, for a movant to show that its legal interest would be impaired if not permitted to intervene, the movant must show that its absence in the action poses a "tangible threat" to its interest, such as "a significant *stare decisis* effect" on his claims. *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992). PI has not shown either applies in this case. Simply put, PI does not even allege that its absence here threatens its legal interest. And it has identified no *stare decisis* effect, let alone a significant one on PI's future claims. Instead, the possible effects are speculative business decisions

17

that its customers might make down the road. Those interests are again not the type of legal interest intervention protects. *See Mountain Top Condo. Ass'n*, 72 F.3d at 366. Even if they were, they are pure speculation at this point.

This factor does not support intervention.

### 4. PI's Long-Time Counsel Can Well-Represent PI's Interests

PI and Anker have the same counsel - indeed exactly the same attorneys - as PI concedes. PI thus cannot show that its own counsel acting through Anker cannot represent its interests in full.

In the Third Circuit, "[i]nadequate representation can be based on any of three possible grounds: '(1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.'" *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519–20 (3d Cir. 2014). PI did not address these factors in its Motion, which dooms its Motion, but PI cannot satisfy any of these grounds even if it did put forth evidence on these factors.

The first ground is the only plausible one here, but PI has not argued that its interests diverge from Anker's at all, let alone enough to warrant intervention. PI has not raised a single defense or argument that Anker cannot and will not make. Instead,

18

PI raises irrelevant arguments about defending its other customers that are not even in the case, but PI raised this issue, except for ▮▮▮▮▮, in PI's declaratory judgment action. Anker is the only entity involved in this case. All other parties are irrelevant when determining whether PI should intervene on behalf of Anker. Yet despite having the burden to do so, PI failed to apprise the Court of the factors for meeting this element, let alone provide evidence supporting one or more factors.

PI's attorneys represent Anker. This is more than adequate representation and is a strong factor supporting adequate representation. While the Third Circuit does not appear to have weighed in on the issue before, some courts presume adequate representation when the same counsel represents a potential intervenor and an existing party. *See, e.g.*, *Union Cent. Life Ins. Co. v. Hamilton Steel Prod. Inc.,* 374 F.2d 820, 823 (7th Cir.1967) ("Inadequate representation can hardly be claimed where the same attorneys represent the Union's class representatives and the proposed intervenor"); *In re Weingarten,* 492 F. App'x 754, 756 (9th Cir. 2012) (unpublished) ("Moreover, the [potential intervenors] are represented by the same counsel as [an existing party], indicating that he is 'capable and willing to make' the same arguments that the [potential intervenors] would make if they were permitted to intervene" (quoting *United States v. City of Los Angeles,* 288 F.3d 391, 398 (9th Cir. 2002))); *Guetzko v. KeyBank Nat'l Ass'n,* No. C08–2067, 2009 WL 482130, at *4 (N.D. Iowa Feb. 25, 2009) ("Inadequate representation can hardly be claimed as

the same attorney represents both the original plaintiffs and the proposed intervenors" (quoting *Carroll v. Am. Fed'n of Musicians*, 33 F.R.D. 353, 353 (S.D.N.Y 1963)). That presumption makes perfect sense here where PI's long-time patent litigation counsel also represents Anker. *See* Ex. L (Fish & Richardson Press Release) (Identifying the same attorneys that are counsel to Anker here - Howard G. Pollack, Frank E. Schekenbach, and Michael R. Headley - as "Related Attorneys" and noting that "Fish & Richardson [represented] long-time client Power Integrations, Inc. (Nasdaq: POWI) in its 15-year patent litigation battle with Fairchild Semiconductor and ON Semiconductor"); *see also* Ex. M (attorneys of record in *Power Integrations Inc. v. Fairchild Semiconductor International Inc. et al.,* , No. 1:08-cv-00309 (D. Del.)).

PI cannot show that Anker and PI's long-time counsel will not adequately protect its interests.

### D.   The Court Should Deny Permissive Intervention

PI cannot show that there is "an independent basis for subject matter jurisdiction" to warrant its intervention. *Barrett v. McDonald*, No. CV 14-742-LPS, 2015 WL 237165, at *2 (D. Del. Jan. 16, 2015) ("To establish that intervention is warranted under Rule 24(b), the intervenor must demonstrate: (1) an independent basis for subject matter jurisdiction, (2) a timely motion, and (3) a claim or defense that has a common question of law or fact with the primary litigation."). PI does not

20

apprise the Court or address each of these factors. But besides being untimely as argued above, PI has no independent basis for subject matter jurisdiction. That is precisely what the Court already held in dismissing PI's declaratory judgment action. D.I. 17 (1:20-cv-00015-CFC). As the Court set out, "[f]or a federal court to have subject matter jurisdiction over a declaratory judgment action, an actual case or controversy must exist." *Id.* at 5. In dismissing PI's declaratory judgment action, the Court found that there it did not have subject matter jurisdiction because there was not a case or controversy between CogniPower and PI:

- "Power Integrations has not contested CogniPower's assertion that no case or controversy exists between the parties with respect to direct infringement. Accordingly, I will dismiss the claims of direct infringement without further discussion." *Id.* at n. 2.

- "Accordingly, Power Integrations has failed to establish declaratory judgment jurisdiction to the extent counts 3, 4, and 5 seek a declaration of contributory noninfringement." *Id.* at 8.

- "Because of that failure, this Court does not possess declaratory judgment jurisdiction for Power Integrations' claims for induced noninfringement." *Id.* at 10.

For the same reasons, the Court should not allow PI to permissibly intervene here. There still is not a case or controversy and there is thus no "independent basis for subject matter jurisdiction."

## V.   CONCLUSION

The Court should deny PI's Motion to Intervene.

21

Respectfully Submitted,

**COLE SCHOTZ P.C.**

Michael F. Bonkowski (No. 2219)
Andrew L. Cole (No. 5712)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131 (Telephone)
(302) 652-3117 (Facsimile)
mbonkowski@coleschotz.com
acole@coleschotz.com

Gary R. Sorden (admitted *pro hac vice*)
Niky Bagley (admitted *pro hac vice*)
Timothy J.H. Craddock (admitted *pro hac vice*)
James R. Perkins (admitted *pro hac vice*)
901 Main Street, Suite 4120
Dallas, Texas 75202
(469) 557-9390 (Telephone)
(469) 533-1587 (Facsimile)
gsorden@coleschotz.com
nbagley@coleschotz.com
tcraddock@coleschotz.com
jperkins@coleschotz.com
*Attorneys for Plaintiff*
*CogniPower LLC*

Dated: September 8, 2020

22

## <u>CERTIFICATE OF COMPLIANCE WITH STANDING ORDERS</u>

The undersigned counsel hereby certifies that it has complied with this Court's November 6, 2019 Standing Order regarding Briefing in All Cases in that this document contains 4,998 words as calculated by Microsoft Word and that it is typed in Times New Roman 14-point font.

Dated: <u>September 8, 2020</u>

Michael F. Bonkowski (No. 2219)

23