IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>FANTASIA TRADING, LLC d/b/a<br>ANKERDIRECT and ANKER<br>INNOVATIONS LIMITED,<br><br>            Defendant,<br><br>POWER INTEGRATIONS, INC.,<br><br>            Intervenor. | Civil Action No. 19-2293-CFC |

## __MEMORANDUM ORDER__

Power Integrations, Inc. has moved to intervene as a defendant in this patent

infringement action as of right under Federal Rule of Civil Procedure 24(a) and

permissively under Rule 24(b).  D.I. 27.  Plaintiff CogniPower LLC opposes the

motion.

Rule 24(a)(2) provides that "[o]n timely motion, the court must permit

anyone to intervene who . . . claims an interest relating to the property or

transaction that is the subject of the action, and is so situated that disposing of the

action may as a practical matter impair or impede the movant's ability to protect its

interest, unless existing parties adequately represent that interest." The rule "require[s] proof of four elements from the applicant seeking intervention as of right: first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998). Power Integrations has satisfied all four elements.

First, its application is timely. Courts consider three factors to determine whether an intervention motion is timely: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995). Here, the case is in its infancy. Trial will not occur until 2022; no discovery has been served; claim construction has not occurred; and the deadline to join parties is five months away. CogniPower has not alleged that it will be prejudiced by intervention; nor could it, as Power Integrations has agreed to abide by the existing Scheduling Order and it is undisputed that Power Integrations' InnoSwitch chips lie at the heart of CogniPower's claims that Defendants' products infringe CogniPower's patents. Power Integrations informed

the Court of its intent to seek intervention last July.  There was, in short, no delay in making its application.

Second, Power Integrations has a sufficient interest in this case.  Its chips lie at the heart of CogniPower's infringement claims and there is credible record evidence that CogniPower is telling at least one other customer of Power Integrations that the customer's use of the same chips at issue here exposes that customer to claims of infringing CogniPower's patents.

Third, the potential disposition of this suit poses a threat to Power Integrations that its interests will be impaired or affected as a practical matter.  If Defendants' accused products are found to infringe the asserted patents and those patents are found to be valid, Power Integrations would face significant risks both as a business matter and because CogniPower is seeking an injunction.  A judgment against Defendants would likely dissuade existing and potential Power Integrations' customers from buying Power Integrations' InnoSwitch chips, especially since CogniPower has told at least one existing Power Integrations' customer that CogniPower's patents "can be mapped to any power converter containing any InnoSwitch controller." D.I. 29-1 at 14.

Fourth, it is fair to conclude that Power Integrations' interests would not be adequately represented by Defendants.  Power Integrations has a much stronger incentive than Defendants have to litigate this case to a judgment that would

protect most fully Power Integrations' chips and its other customers who use those chips.

Now therefore, at Wilmington on this First day of February in 2021, it is **HEREBY ORDERED** that Power Integrations, Inc.'s motion to intervene (D.I. 27) is **GRANTED**.

UNITED STATES DISTRICT JUDGE