

March 19, 2024

**VIA E-FILING**
The Honorable Jennifer L. Hall
J. Caleb Boggs Federal Building
844 N. King Street
Unit 17, Room 3124
Wilmington, DE 19801

      Re:    *CogniPower LLC v. Fantasia Trading LLC, et al.*
              C.A. 19-cv-2293-JLH-SRF

Dear Judge Hall:

      Pursuant to the Court's Oral Order (D.I. 118), attached, as Exhibit A, is the parties' proposed Amended Scheduling Order with the competing positions in bold. Below are the parties' respective narrative statements on their positions.

**CogniPower's Position**: CogniPower LLC ("CogniPower") proposes a trial date in November of 2025. Defendants propose a trial date in "Spring 2025," with document discovery closing in a month from now and fact discovery closing two months later. Not a single fact witness deposition has occurred. In fact, in seeking a stay of this case, Defendants previously advertised that discovery was in its early stages. And despite the PTAB affirming as valid all challenged claims, Defendants never sought to over re-open the case until recently.

      CogniPower has two priorities in setting the schedule: (a) having at least 10 months in which the substantial number of depositions and discovery that are need can occur; and (b) to ensure, if at all possible, to avoid a double or triple tracked trial date, as this creates substantial expense ramping up for a trial that may not occur.

      CogniPower's schedule accommodates the specific circumstances of this case: (1) discovery was in its infancy before the stay, (2) nearly three years of new facts exist today as compared to when the case was stayed, (3) the Court's trial docket is already booked through at least Spring 2025, (4) CogniPower's new counsel needs time to get up to speed, and (5) avoiding overlap with major events in the Texas case, which has already set trial for January 27, 2025.

      Little discovery had taken place prior to the stay. On May 19, 2021, Defendants acknowledged this when arguing for a stay: "Discovery is just beginning. CogniPower served its first requests for production on May 13, 2021, the day after the IPRs were instituted. No party has served interrogatories or taken a deposition." D.I. 78 at 2. The case was then stayed shortly thereafter on July 15, 2021. D.I. 85. Power Integrations, Inc. and CogniPower initially identified at least 12 fact witnesses and this does not include the host of potential third-party supplier/manufacturer witnesses that have yet to be disclosed by Defendants, nor does it include witnesses disclosed by Fantasia Trading, LLC. Not a single deposition was taken and Defendants failed to produce any meaningful technical documents. *See, e.g.,* D.I. 104 at 6 (Defendants noting that "the Court granted the stay before any depositions were taken"). CogniPower's schedule provides a proper discovery period in view of the actual state of discovery and for motion practice if disputes arise. Defendants' schedule all but precludes it.

Nearly three years has passed since the case was stayed. What little sales and related product information that may have been produced is now stale. New products and chips have been released in the interim. The parties need an opportunity to engage in meaningful discovery, at a minimum, for this additional period.

Defendants' schedule makes expert disclosures due in this case the day after the *Markman* hearing in the Texas case. Defendants' schedule also sets dispositive motions in this case at the same time as for the Texas case. Defendants scheduling proposal has the effect, regardless of intent, of creating as many conflicts involving major events as possible between the two cases. Notably, the trial in the Texas case is already scheduled for January 27, 2025, and will take place well before a trial in this case, under either side's proposed schedule. That trial includes the two patents asserted in this case.

Defendants portion of their letter brief notes that there is a pending motion to dismiss PI's counterclaims. At the hearing both Plaintiff's and Defendants' counsel believed the previously presiding judge had already allowed PI's counterclaims to be plead. It appears, however, that the previous presiding judge never acted on a motion to dismiss (D.I. 68) filed by CogniPower's previous counsel. CogniPower proposes a short five page supplement on this briefing from each party so the Court can most efficiently rule on the motion. Based on the intemperate language in Defendants' submission below it appears that PI intends to use its role in this case to create mischief with the parallel and separate East Texas case.

**Power Integrations and Anker's Position:** CogniPower proposes that the next deadline in this case not occur *for over eight months*, with a document production deadline of November 22, 2024. It also proposes that trial not occur until late 2025. In other words, CogniPower seeks to re-stay this case until after its trial against Samsung in Texas. That is inconsistent with the previous scheduling order, and it flies in the face of what CogniPower told this Court at the recent hearing on PI's motion to amend. At that hearing, CogniPower argued against amendment by saying "God willing, after five years of waiting, that suit will be as fast as humanly possible." 3/5/24 Tr. at 34:4-6. However, now that CogniPower has prevailed on the motion to amend, it is seeking to put this case on ice.

The Court stayed this case pending IPRs by the parties' mutual agreement on July 15, 2021 (D.I. 85). At that time, only one month of fact discovery remained. *See* D.I. 23 (Scheduling Order) at 10 (setting discovery cutoff of August 17, 2021). In addition, trial was just ten months away. *See id.* at 26 (setting trial date of May 9, 2022). CogniPower's new proposal is not consistent with that schedule.

By contrast, PI's proposed schedule attempts to get this case to trial "as fast as humanly possible." PI appreciates the Court has a busy docket, but that is no reason for *the parties* not to get ready for trial by completing discovery, expert reports, and dispositive motions this year.

PI suspects CogniPower is actually trying to avoid preclusive effect in Texas. However, this case was filed before the Texas case on the two patents-in-suit, and contrary to CogniPower's misrepresentation to the Court, PI's existing DJ complaint includes *all* PI customers, including Samsung. *See* D.I. 60 at 12-21. CogniPower misled the Court at the recent hearing by saying Judge Connolly denied PI's DJ. That was *before* PI obtained and submitted CogniPower's threats to Samsung, based on PI chips, in a separate case PI had brought to try to protect its

customers. Once PI submitted the slides CogniPower presented to Samsung in this case, Judge Connolly was persuaded that PI has standing to intervene with its DJ claims. *See* D.I. 28 (motion to intervene), D.I. 59 (order granting motion to intervene).

In fact, directly contrary to what CogniPower told the Court during the recent hearing about the scope of PI's *existing* DJ, CogniPower actually moved to dismiss PI's existing DJ because of its *breadth*. *See* D.I. 68 at 14 (motion to dismiss referencing Samsung slides); *compare* 3/5/24 Tr. at 33:7-10 ("To the extent Your Honor is suggesting that because we let them bring a declaratory judgment action as an answer, which we understood to be a declaratory judgment action on Anker products, they now evolved it…"). CogniPower is blatantly misrepresenting the record, attempting to capitalize on the change in presiding judge. CogniPower did not "let" PI bring a DJ, and CogniPower absolutely understood that PI's existing DJ encompasses Samsung.

CogniPower also misrepresented that it has answered PI's DJ claims. 3/5/24 Tr. at 23:18-20 ("THE COURT: Well, they filed a complaint and intervention, right, and you answered it? MR. SHEASBY: Right."). As the docket makes clear, CogniPower has not answered – CogniPower filed a motion to dismiss rehashing the arguments that Judge Connolly already rejected when he allowed PI to intervene and bring its DJ claims against CogniPower in this case (D.I. 67-68; D.I. 71; D.I. 72). CogniPower's motion to dismiss should be denied immediately, as no further briefing is necessary, and CogniPower should answer PI's DJ claims straightaway; once it does, the full scope of this case will become even more apparent, unless CogniPower chooses to waive its claims.

In short, the Court should put an end to CogniPower playing games. As CogniPower said, this case is five years old, and it should be tried as soon as possible. PI also believes the case is amenable to summary judgment, and that dispositive motions should be addressed before the trial in CogniPower's after-filed Texas case, where CogniPower asserts the existing patents-in-suit from this case against the same PI chips accused in this case. CogniPower's forum shopping should not be rewarded.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Filing)