# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC, <br><br> Plaintiff, <br><br> v. <br><br> FANTASIA TRADING, LLC D/B/A ANKERDIRECT and ANKER INNOVATIONS LIMITED; <br><br> Defendant <br><br> POWER INTEGRATIONS, INC. <br><br> Intervenor. | Civil Action No. 19-cv-2293-JLH-SRF |

## AMENDED SCHEDULING ORDER

IT IS HEREBY ORDERED that:

1. <u>Papers and Proceedings Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking

1

redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

      2.      <u>Courtesy Copies.</u>  The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

      3.      <u>ADR Process.</u>  Magistrate Judges will no longer engage in alternative dispute resolution in patent cases. *See* District of Delaware Standing Order No. 2022-2, dated March 14, 2022.

      4.      <u>Discovery.</u>  Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

      (a)      <u>Discovery Cut Off.</u>  All discovery in this case shall be initiated so that it will be completed on or before **[Plaintiff Proposes: February 5, 2025] [PI and Anker Propose: June 21, 2024]**.

      (b)      <u>Document Production.</u>  Document production shall be substantially complete by **[Plaintiff Proposes: November 22, 2024] [PI and Anker Propose: April 19, 2024]**.

      (c)      <u>Requests for Admission.</u>  A maximum of 100 requests for admission are permitted for each side.

      (d)      <u>Interrogatories.</u>

      i.      A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e) Depositions.

i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of 60 hours of taking fact testimony by deposition upon oral examination (excluding expert testimony).

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court.

(f) Disclosure of Expert Testimony.

i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **[Plaintiff Proposes: March 5, 2025] [PI and Anker Propose: July 19, 2024]**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **[Plaintiff Proposes: April 4, 2025] [PI and Anker Propose: August 16, 2024]**. Reply expert reports from the party with the initial burden of proof are due on or before **[Plaintiff Proposes: April 25, 2025] [PI and Anker Propose: September 6, 2024]**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and

times of their experts' availability for deposition. Expert discovery shall be completed by

**[Plaintiff Proposes: May 26, 2025] [PI and Anker Propose: September 27, 2024]**.

        ii.    <u>Expert Report Supplementation.</u>  The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

        iii.    <u>Objections to Expert Testimony.</u>

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

    (g)    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

        i.    Discovery matters and disputes are referred to Magistrate Judge Sherry R. Fallon.

5.    <u>Motions to Amend / Motions to Strike.</u>

    (a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 4(g), above.

    (b)    Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken.

6.    <u>Case Dispositive Motions.</u>

(a) All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **[Plaintiff Proposes: June 24, 2025] [PI and Anker Propose: October 11, 2024]**.  Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

(b)     Concise Statement of Facts Requirement.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

(c)     The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-

paragraph basis.

      (d)     <u>Page limits combined with Daubert motion page limits.</u>  Each party is permitted to file as many case dispositive motions as desired, provided, however, that each side will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *side*.[1]

      (e)     <u>Hearing.</u>  The Court will hear argument on all pending case dispositive and Daubert motions on _____ beginning at 9:00 AM. Unless otherwise ordered by the Court, each side will be allocated a total of forty-five minutes to present its argument on all pending motions.

7.     <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

8.     <u>Amendments to the Scheduling Order.</u>  Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

9.     <u>IPRs/PGRs.</u> Any party asserting a patent must file a "Notice of IPR/PGR Event"

---

[1] The parties must work together to ensure that the Court receives no more than a *total* of 250 pages (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

within seven days of any of the following actions taken on that patent: petition for *inter partes* review/post grant review (regardless of whether a party filed the petition), institution decision, final written decision, appeal to the Federal Circuit, Federal Circuit decision. The Notice must list the action taken, the affected claims, the dates of any expected further action by the PTAB, and the status of all other pending IPRs/PGRs.

10. <u>Motions *in Limine*.</u>  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon.  Each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

11. <u>Pretrial Conference.</u>  On **[Plaintiff Proposes: October \_\_\_\_, 2025 at \_\_:_____ \_\_.m.] [PI and Anker Propose: TBD]**, the Court will hold a pretrial conference in Court with counsel beginning at 9:00 AM. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than **[Plaintiff Proposes: September 22, 2025] [PI and Anker Propose: TBD]**. Unless otherwise ordered by the Court, the parties shall comply

7

with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents. The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

12. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u>  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms **[Plaintiff Proposes: September 22, 2025] [PI and Anker Propose: TBD]**. This submission shall be accompanied by a courtesy copy containing electronic files of these documents in Microsoft Word format, which should be submitted by e-mail to jlh_civil@ded.uscourts.gov.

13. <u>Trial.</u>  This matter is scheduled for a seven day jury trial beginning at 9:30 a.m. on **[Plaintiff Proposes: November \_\_\_, 2025] [PI and Anker Propose: Spring 2025]**, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

14. <u>Judgment on Verdict and Post-Trial Status Report.</u>  Within seven days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

15. <u>Post-Trial Motions.</u>

Unless otherwise ordered by the Court, all sides are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

 

_____
The Honorable Jennifer L. Hall

| Event | Plaintiff Proposal | PI and Anker Proposal |
|---|---|---|
| Document Production Deadline | November 22, 2024 | April 19, 2024 |
| Discovery Cutoff | February 5, 2025 | June 21, 2024 |
| Opening Expert Reports | March 5, 2025 | July 19, 2024 |
| Rebuttal Expert Reports | April 4, 2025 | August 16, 2024 |
| Reply Expert Reports | April 25, 2025 | September 6, 2024 |
| Expert Deposition Deadline | May 26, 2025 | September 27, 2024 |
| Case Dispositive and *Daubert* Motions | June 24, 2025 | October 11, 2024 |
| File Pretrial Order | September 22, 2025 | TBD |
| File Voir Dire, Special Verdict, and Preliminary and Final Jury Instructions | September 22, 2025 | TBD |
| Hearing on Dispositive and Daubert Motions | _____ | _____ |
| Pretrial Conference | October ___, 2025 at __:___ __.m. | TBD |
| First Day of Trial | November ____, 2025 | Spring 2025 |

10