## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC<br><br>        Plaintiff,<br><br>v.<br><br>FANTASIA TRADING, LLC D/B/A<br>ANKERDIRECT and<br>ANKER INNOVATIONS LIMITED;<br><br>        Defendant,<br><br>POWER INTEGRATIONS, INC.<br><br>        Intervenor. | C.A. No. 19-cv-2293-JLH-SRF |

## BRIEF IN SUPPORT OF SECOND MOTION TO DISMISS POWER INTEGRATIONS' COUNTERCLAIMS FOR LACK OF SUBJECT-MATTER JURISDICTION OR, IN THE ALTERNATIVE, TO LIMIT THE SCOPE OF THE COUNTERCLAIMS TO THE ACCUSED ANKER PRODUCTS USING PI CHIPS

Dated: September 16, 2024

Jason G. Sheasby (admitted *pro hac vice*)
Michael Harbour (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
JSheasby@Irell.com
MHarbour@Irell.com

Jonathan M. Lindsay (admitted *pro hac vice*)
IRELL & MANELLA LLP
840 Newport Center Dr., Suite 400
Newport Beach, California 92660
Telephone: (949) 760-0991
Facsimile: (9 49) 760-5200
JLindsay@Irell.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Andrew Y. Choung (admitted *pro hac vice*)
Jennifer Hayes (admitted *pro hac vice*)
Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6000
achoung@nixonpeabody.com
jenhayes@nixonpeabody.com
*Attorneys for Plaintiff CogniPower LLC*

## <u>TABLE OF CONTENTS</u>

I.    FACTUAL BACKGROUND ...................................................................................... 3

    A.   The Complaint in This Action ..................................................................... 3

    B.   PI's Prior Dismissed Complaint for Declaratory Judgment Regarding the '013 and '713 Patents ..................................................................................................... 3

    C.   The Dismissal of PI's Declaratory Judgment Action .................................. 4

    D.   PI's Intervention in the Primary Action ..................................................... 5

    E.   CogniPower's Motion to Dismiss the Counterclaims ................................. 6

    F.   PI's Motion to Amend its Counterclaims ................................................... 8

    G.   Anker Now Also Has Other Sources of Supply of Controller Chips ............. 9

II.    LEGAL STANDARD .............................................................................................. 9

III.   THERE IS NO EXISTING JUSTICIABLE CONTROVERSY BETWEEN COGNIPOWER AND POWER INTEGRATIONS ............................................... 11

IV.   EVEN IF JURISDICTION EXISTS, THE COURT SHOULD DECLINE TO EXERCISE IT ........................................................................................................................... 14

V.    ALTERNATIVELY, IN THE EVENT THE COURT CONTINUES TO EXERCISE SUBJECT-MATTER JURISDICTION OVER PI'S COUNTERCLAIMS, THE COURT SHOULD LIMIT THE SCOPE OF THE COUNTERCLAIMS TO ANKER'S ACCUSED PRODUCTS THAT USE PI'S CONTROLLER CHIPS .................................................. 14

VI.   CONCLUSION ...................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allied Min. Prod., Inc. v. Osmi, Inc.*,
  870 F.3d 1337 (Fed. Cir. 2017)................................................................12

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
  495 F.3d 1340 (Fed. Cir. 2007)................................................................10

*BP Chemicals Ltd. v. Union Carbide Corp.*,
  4 F.3d 975 (Fed. Cir. 1993) ....................................................................14

*Chandler & Price Co. v. Brandtjen & Kluge*,
  296 U.S. 53, 56 S. Ct. 6, 80 L. Ed. 39 (1935).........................................14

*United States v. Columbia Gas & Elec. Corp.*,
  28 F. Supp. 168 (D. Del. 1939)................................................................15

*Columbia Gas & Elec. Corp. v. Am. Fuel & Power Co.*,
  322 U.S. 379, 64 S. Ct. 1068, 88 L. Ed. 1337 (1944).............................14

*Dow Jones & Co. v. Ablaise Ltd.*,
  606 F.3d 1338 (Fed. Cir. 2010)................................................................12

*Ericsson Inc. v. InterDigital Commc'ns Corp.*,
  418 F.3d 1217 (Fed. Cir. 2005)................................................................13

*Ford Motor Co. v. United States*,
  811 F.3d 1371 (Fed. Cir. 2016)................................................................11

*Gould Elecs. Inc. v. United States*,
  220 F.3d 169 (3d Cir. 2000).....................................................................10

*King v. Governor of the State of New Jersey*,
  767 F.3d 216 (3rd Cir. 2014)....................................................................13

*Lincoln Ben. Life Co. v. AEI Life, LLC*,
  800 F.3d 99 (3d Cir. 2015).........................................................................9

*Medlmmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007)..................................................................................10

*Microchip Tech. Inc. v. Chamberlain Group, Inc.*,
  441 F.3d 936 (Fed. Cir. 2006)........................................................10, 12, 13

*Microsoft Corp. v. Data Tern, Inc.*,
    755 F.3d 899 (Fed. Cir. 2014)........................................................................11, 12

*Mortensen v. First Fed. Say. & Loan Ass'n*,
    549 F.2d 884 (3d Cir. 1977)....................................................................................10

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
    665 F.3d 1269 (Fed. Cir. 2012)................................................................................10

*UCP Intl Co. v. Balsam Brands Inc.*,
    787 F. App'x. 691 (Fed. Cir. 2019)..........................................................................11

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995)..................................................................................................11

**Statutes**

Declaratory Judgment Act ........................................................................... *passim*

Declaratory Judgment Act. 28 U.S.C. § 2201................................................1, 4, 6, 10

Declaratory Judgment Act, 35 U.S.C. §§ 2201 and 2202.........................................4

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1) ..................................................... *passim*

Federal Rule of Civil Procedure 12(b)(6) ...............................................................6

U.S. Const. art. III, § 2, cl. 1 ................................................................................10

This Court has previously issued several rulings on Power Integrations' ("PI") declaratory judgment counterclaims, but expressly stated in the most recent ruling that it did not decide the issue of jurisdiction. CogniPower now brings this motion to resolve that issue, and respectfully requests that the Court dismiss PI's counterclaims for lack of subject matter jurisdiction, or in the alternative limit them to the accused Anker products using PI chips.

On March 5, 2024, the Court held a hearing to address PI's motion to amend its counterclaims to add three patents that were at issue in the patent infringement action brought by CogniPower against Samsung in Texas. The Court denied PI's motion. (D.I. 118, also see March 5, 2024, hearing transcript, D.I. 130). During the hearing, the Court stated, "I'm not deciding whether or not this court has jurisdiction over Power Integrations' declaratory judgment claims…I won't expand the case to include additional issues related to the Samsung products." (D.I. 130 at 49).

In view of the Court's statement that it was not deciding jurisdiction, and in order to focus the issues before the Court to those which are justiciable, CogniPower moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss PI's declaratory judgment counterclaims for lack of subject-matter jurisdiction. Subject-matter jurisdiction for a declaratory judgment action requires the existence of a justiciable controversy under the Declaratory Judgment Act. 28 U.S.C. § 2201. Subject-matter jurisdiction must continue throughout the case. If a justiciable controversy no longer continues between the parties, then there is no subject-matter jurisdiction, and the declaratory judgment action must be dismissed. That is the case here.

Regardless of whether a justiciable controversy existed when PI first moved to intervene and file its counterclaims on August 17, 2020, now, over four years later, there is no justiciable

controversy between CogniPower and PI and the counterclaims for declaratory judgment must be dismissed. In 2021, when CogniPower filed its first motion to dismiss PI's declaratory judgment counterclaims in this action (D.I. 68), PI was the only supplier of Anker's controller chip known to CogniPower. Today, there are at least four other suppliers of the controller chip used in Anker's power converters, including On-Bright Electronics Inc., Southchip Semiconductor, ON Semiconductor, and Dongke Semiconductor. *See* Choung Decl., ¶ 2, Ex. 1 at 2 (CogniPower's supplemental disclosure of infringement contentions). Cognipower is unaware of whether Anker has further controller chip suppliers at this time, as Anker has to date refused to provide discovery on these or other manufacturers in this action. (D.I. 121 at ¶ 4(a)).

Since 2021, CogniPower has brought only two patent infringement actions: this action and the Texas action against Samsung. Thus, there is no evidence to support PI's allegation that CogniPower has engaged in a "broad and aggressive campaign to harass and threaten PI's customers with assertions of patent infringement" (Counterclaim, D.I. 60, ¶ 6) or that "CogniPower's litigation against Anker and threats against other PI customers is material to PI's own economic and legal interests." (Counterclaim, D.I. 60, ¶ 17). It is clear that PI no longer has a unique or compelling economic interest in the infringement actions brought by CogniPower, either in this Court or elsewhere. PI is merely one of many suppliers that provides components to Anker, and only for some of the accused products.

Further, it is now undisputed that CogniPower has never accused PI of either direct or indirect infringement, either directly or through implied assertions. PI itself admits this, acknowledging in a recent brief that "CP did not counterclaim for infringement against PI and has made no damages claim against PI." D.I. 147 at 3. Therefore, there is simply no existing justiciable controversy between CogniPower and PI to support PI's claim under the Declaratory

2

Judgment Act.  As such, the Court does not have subject-matter jurisdiction over PI's declaratory judgment counterclaims seeking a declaration of non-infringement regarding PI's products, and the Court should dismiss the counterclaims.

## I.    **FACTUAL BACKGROUND**

### A.    The Complaint in This Action

On December 18, 2019, CogniPower brought this action for patent infringement against Anker regarding power converters in Anker's chargers used for a variety of products, such as cell phones, kitchen appliances, and other kinds of equipment.  As seen in the asserted patents attached to the Complaint (D.I. 1), the claims require, among other thing, an input port, switch, galvanic isolation circuitry, output port, transformer, demand pulse generator or circuitry that generates demand pulses, rectifier, and capacitor.  (D.I. 1, Ex. A)(U.S. Patent No. RE 47,031, claim 1).  Of these elements, PI supplies only the controller chip for the demand pulse generator or circuitry. The other elements making up the power converter board come from other companies.  At the time of filing of the Complaint, PI was the only supplier of the controller chips used in Anker's accused products known to CogniPower.  Since PI supplied the controller chip but none of the other elements required in the asserted claims, it was and is undisputed that the PI controller chip does not embody all elements of any of the asserted claims of the asserted patents against Anker.

### B.    PI's Prior Dismissed Complaint for Declaratory Judgment Regarding the '013 and '713 Patents

Shortly after CogniPower brought the Complaint in this action, PI filed a separate declaratory judgment action on January 6, 2020, against CogniPower (Case No. 20-cv-15, D.I. 1) regarding the same asserted patents in this action, *i.e.*, U.S. Patent Nos. RE47,013 ("the '013 patent") and RE47,713 ("the '713 patent").  In its declaratory judgment complaint, PI claimed that

3

there was a justiciable controversy under the Declaratory Judgment Act, 35 U.S.C. §§ 2201 and 2202, alleging that CogniPower had engaged in a "broad and aggressive campaign to harass and threaten Power Integrations' customers with assertions of patent infringement liability." (*Id.* at ¶ 15)  PI further alleged that "Power Integrations' InnoSwitch™ and LytSwitch-6™ products do not infringe any claim of the [the asserted  patents]; likewise no power supply product using Power Integrations' InnoSwitch™ and LytSwitch-6™ products infringes any claim of the [asserted patents]." (*Id.* at ¶¶ 59 and 67)  PI also alleged "that it is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Power Integrations' InnoSwitchTM and LytSwitch-6TM products (and/or their use in a power supply) do not infringe, directly or indirectly, any claim" regarding the '013 and '713 patents.  (*Id.* at ¶¶ 60 and 68)  In the Prayer for Relief, PI requested a declaration that "Power Integrations has not infringed, and does not infringe, directly or indirectly, any claim" of the [asserted patents]."  (*Id.*)

C.    The Dismissal of PI's Declaratory Judgment Action

CogniPower moved to dismiss PI's declaratory judgment complaint on the ground that there was no case or controversy between PI and CogniPower to support subject-matter jurisdiction under the Declaratory Judgment Act.  The court (Chief Judge Connolly) agreed and dismissed the action under Fed.R.Civ.P. 12(b)(1).  (Case No. 20-cv-15, D.I. 17)  The court noted that "Power Integrations has not contested CogniPower's assertion that no case or controversy exists between the parties with respect to direct infringement. Accordingly, I will dismiss the claims of direct infringement without further discussion." (*Id.* at 6, n. 2)  Regarding contributory infringement, the court held,

> I see nothing in the datasheets or technical diagrams in the Anker complaint or elsewhere in the record that establishes a reasonable potential that CogniPower could have or would have alleged that the InnoSwitch™ and LytSwitch-6™

products are "not a staple article or commodity of commerce suitable for substantial noninfringing use." Accordingly, Power Integrations has failed to establish declaratory judgment jurisdiction to the extent counts 3, 4, and 5 seek a declaration of contributory noninfringement.

*Id.* at 8. Similarly, regarding inducement of infringement, the court held,

But what it [PI] does need to do - and what is has failed to do – is point to "allegations by the patentee or other record evidence that establish at least a reasonable potential that [an induced infringement] claim could be brought." *DataTern*, 755 F.3d at 905. Because of that failure, this Court does not possess declaratory judgment jurisdiction for Power Integrations's claims for induced noninfringement.

*Id.* at 9-10.

Thus, PI's declaratory judgment complaint regarding the '013 and '713 patents was dismissed for lack of subject-matter jurisdiction under the Declaratory Judgment Act pursuant to Chief Judge Connolly's July 1, 2020, order.

D.    PI's Intervention in the Primary Action

After the dismissal of its declaratory judgment complaint, PI moved to intervene in this action on August 17, 2020 (D.I. 27) and submitted a proposed answer to the complaint and counterclaims for declaratory judgment of noninfringement. (D.I. 28-2). PI made allegations and requested declaratory judgment relief that were *identical* to the allegations and requested declaratory judgment relief in its dismissed declaratory judgment complaint. PI alleged in its supporting memorandum (D.I. 28) that "PI's economic and legal interests will be directly affected by the outcome of this litigation." (*Id.* at 1) In the proposed counterclaim PI filed with the motion (D.I. 29-2), PI once again alleged that CogniPower had engaged in a "broad and aggressive campaign to harass and threaten Power Integrations' customers with assertions of patent infringement liability" (*Id.* at ¶ 6) and that "CogniPower's litigation against Anker and threats against other PI customers is material to PI's own economic and legal interests." (*Id.* at ¶ 17) PI similarly again alleged that "PI's InnoSwitch$^{TM}$ and LytSwitch-6$^{TM}$ products do not infringe any

5

claim of the [the asserted patents]; likewise no power supply product using PI's InnoSwitch<sup>TM</sup> and LytSwitch-6<sup>TM</sup> products infringes any claim of the [asserted patents]." (*Id.* at ¶¶ 24, 32) PI stated that it is "entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that PI's InnoSwitch<sup>TM</sup> and LytSwitch-6<sup>TM</sup> products (and/or their use in a power supply) do not infringe, directly or indirectly, any claim" of the asserted patents. (*Id.* at ¶¶ 25, 33) In the Prayer for Relief, PI sought the same declaration that "PI has not infringed, and does not infringe, directly or indirectly, any claim" of the asserted patents." (*Id.*)

The Court granted PI's motion to intervene and file an answer and counterclaims on February 1, 2021. (D.I. 59) PI filed an answer and counterclaims for declaratory judgment on February 3, 2021. (D.I. 60)

E.    CogniPower's Motion to Dismiss the Counterclaims

On March 3, 2021, CogniPower filed a motion to dismiss PI's counterclaims pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). (D.I. 68) After pointing out that PI's counterclaims for declaratory judgment asserted "the exact same request" as the claims for declaratory judgment in PI's previously-dismissed complaint, CogniPower asserted that the counterclaims, like the previously-dismissed complaint, were defective and should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction based on PI's failure to establish "an actual controversy between PI and CogniPower." (*Id.* at 13) CogniPower asserted that the allegations in the counterclaims "fail to allege facts indicating that CogniPower could establish all of the elements of contributory infringement" (*Id.* at 16) and "fail to allege facts indicating that CogniPower could establish all of the elements of induced infringement." (*Id.* at 16-17).

PI filed an opposition to CogniPower's motion to dismiss (D.I. 71) and argued that there was an actual controversy with CogniPower based on statements made by the Court in its order granting PI's motion to intervene. (D.I. 71 at 2)  PI argued that the record adequately demonstrated that CogniPower had made "implied" assertions of both contributory and induced infringement. (*Id.* at 3-7)  Notably, PI admitted that CogniPower does not allege direct infringement by stating, "CogniPower also argues that it has not alleged direct infringement by PI.  This is irrelevant…." (*Id.* at 8).  PI further argued that if "CogniPower chooses not to make such an allegation [of direct infringement], the case can be narrowed by other means before trial."  (*Id.* at 8, n. 1)

The Court did not rule on CogniPower's motion to dismiss PI's counterclaims for a period of years because the case was stayed during the pendency of Inter Partes Review ("IPR") proceedings directed to the asserted patents before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO").  (D.I. 85)  After the stay was lifted and this case was reassigned to Your Honor earlier this year, the Court denied the motion to dismiss without comment or written opinion in an April 1, 2024 oral order, more than three years after the motion to dismiss was filed.  (D.I. 120)  At that time, the parties and Court were focused on setting a case schedule for the primary infringement claim, but the issue of whether and to what extent there may be justiciable claims between CogniPower and PI was not addressed and remained an open question.  This issue has come to a head recently in relation to CogniPower's motions to compel discovery.  On the one hand, PI maintains an expansive position on its counterclaims as covering all PI products and all its customers' product (not just Anker products accused in this case).  At the same time, PI refuses to provide discovery on all the products allegedly subject to the counterclaims and takes the position that discovery is limited to just a handful of chips and

products relating to Anker.  Indeed, it is a complete unknown as to what are the products that PI even contends are covered by its counterclaims.

### F.    PI's Motion to Amend its Counterclaims

While the stay of this case was in effect, PI moved to amend its counterclaims on June 16, 2023.  (D.I. 91)  The proposed amended counterclaims for declaratory judgment included the asserted patents in this action and three additional patents.  PI argued that the three additional patents should be added because they are related to the asserted patents in this action and were being asserted by CogniPower in a patent infringement action filed against Samsung in Texas.  (D.I. 92 at 6)  PI argued that CogniPower was forum-shopping by asserting the patents in the Texas action rather than allowing PI to assert them in a declaratory judgment counterclaim in this action.  (D.I. 92 at 9)

CogniPower responded that the Texas suit was against Samsung, not PI, and further it could not have brought suit against Samsung in Delaware because this Court does not have jurisdiction over one of the defendants, Samsung Electronics America.  (D.I. 98 at 1, 5)  CogniPower also pointed out that there had been a dramatic change in the industry since this suit was stayed, *i.e.,* the controller chips of the accused products had become a commodity that Samsung can and does source from a large number of other manufacturers.  (*Id.* at 1)    CogniPower stated that the controller chips in the accused Samsung power converters came from not only PI but other vendors, such as Renesas/Dialog and Diodes.  (*Id.*)  CogniPower pointed out that there is no allegation in the proposed amended complaint that PI has a reasonable anticipation of suit for direct infringement and there is no allegation that that could constitute induced or contributory infringement.  (*Id.* at 2)  CogniPower asserted that the controller chips themselves do not infringe because the "Samsung infringing power converters contain a number of other features that are both

necessary for infringement and are not supplied by the controller chip, whether supplied by Renesas/Dialog, PI or Diodes." (*Id.* at 7)  CogniPower listed a variety of other parts of the accused Samsung power converters that are supplied by other companies.  (*Id.* at 8)

The Court denied the motion to amend the counterclaims on March 5, 2024.  (D.I. 118, also see March 5, 2024, hearing transcript, D.I. 130)  Regarding subject-matter jurisdiction, the Court stated, "I'm not deciding whether or not this court has jurisdiction over Power Integrations' declaratory judgment claims…I won't expand the case to include additional issues related to the Samsung products."  (D.I. 130 at 49)

### G.   Anker Now Also Has Other Sources of Supply of Controller Chips

CogniPower has recently discovered that in addition to PI, several other controller chip suppliers, including On-Bright Electronics, Southchip Semiconductor, ON Semiconductor, and Dongke Semiconductor, supply controller chips to Anker. *See* Choung Decl. ¶ 2; Ex. 1 at 2. Thus, like Samsung, Anker now uses multiple sources of the controller chip for its power converters, and such controller chips are a commodity and not uniquely supplied by PI.

Under the circumstances outlined above, at this time, PI has no case or controversy against CogniPower, and the Court does not have subject-matter jurisdiction over PI's counterclaims for declaratory judgment, as discussed further below.

## II.   **LEGAL STANDARD**

The party asserting subject-matter jurisdiction has the burden of proving its existence. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." (*Id.* (quoting *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009).) A facial attack contests the sufficiency of

the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. (*Id.*) When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a factual challenge, "no presumptive truthfulness attaches to plaintiffs' allegations." *Mortensen v. First Fed. Say. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

For a federal court to have subject-matter jurisdiction over a declaratory judgment action, the party seeking the declaratory judgment must have standing to assert the claim based on an actual case or controversy.  U.S. Const. art. III, § 2, cl. 1; 22 U.S.C. § 2201.  "[T]here is no bright-line rule for determining whether [a declaratory judgment] action satisfies the case or controversy requirement." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012). Instead, the party seeking a declaratory judgment must show that, "under all the circumstances, ... there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).  "'The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint [was] filed.'"  (*Id.* at 1345 (quoting *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974).)

In the context of a declaratory judgment action brought by a supplier of a product to protect its customers from allegations of patent infringement, the supplier must be accused of or otherwise be at risk of liability in order to show that it has standing based on a case or controversy.  *Microchip*

*Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936 (Fed. Cir. 2006); *Microsoft Corp. v. Data Tern, Inc.*, 755 F.3d 899, 903-904 (Fed. Cir. 2014). Mere economic interest in protecting customers against liability for patent infringement, without potential liability on the part of the supplier, is insufficient to establish the supplier's standing to assert a case or controversy. (*Id.*)

Even if the jurisdictional prerequisites for subject-matter jurisdiction are satisfied, the court retains discretion over whether to exercise jurisdiction based on the Declaratory Judgment Act. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286-87 (1995); *Ford Motor Co. v. United States*, 811 F.3d 1371, 1378 (Fed. Cir. 2016).

Federal Circuit law governs the question of whether a district court has subject-matter jurisdiction under the Declaratory Judgment Act when, as here, the underlying merits of the action involve patent infringement. *UCP Intl Co. v. Balsam Brands Inc*., 787 F. App'x. 691, 698 (Fed. Cir. 2019).

## III.    THERE IS NO EXISTING JUSTICIABLE CONTROVERSY BETWEEN COGNIPOWER AND POWER INTEGRATIONS

As discussed above, circumstances have changed since PI moved to intervene and for leave to file an answer to the complaint and counterclaims on August 17, 2020. Unlike in 2020, when PI was the only supplier known to CogniPower of the controller chip in the accused Anker power converters, today Anker has at least four other suppliers of controller chips for its power converters. Since 2020, contrary to PI's allegation that CogniPower "has engaged in a broad and aggressive campaign to harass and threaten Power Integrations' customers with assertions of patent infringement liability" (D.I. 60, Counterclaim at 13, ¶ 6), CogniPower has brought patent infringement suits regarding the asserted patents against only two entities: the Anker group of related companies and the Samsung group of related companies. Contrary to PI's argument that

CogniPower has made implied assertions of contributory and induced infringement, CogniPower has never charged PI with direct or indirect infringement of the asserted patents.  PI itself admits this. (D.I. 147 at 3) (PI letter brief acknowledging "CP did not counterclaim for infringement against PI and has made no damages claim against PI.").

In addition to admitting that there is no infringement claim pending against it, PI has not met its burden to show there is a threat of such a claim that is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Dow Jones & Co. v. Ablaise Ltd*., 606 F.3d 1338, 1345 (Fed. Cir. 2010) (reversing denial of motion to dismiss).  As discussed above, CogniPower has made no claim or threat of direct infringement against PI because PI makes only a component of the accused power chargers (a controller chip). CogniPower has never accused PI of contributory or induced infringement either, nor can PI show the threat of such a claim exists. *See* D.I. 98 at 13-14.

Therefore, under black letter law, there is no justiciable controversy between PI and CogniPower, and PI does not have standing to seek a declaratory judgment of non-infringement on its own behalf or on behalf of its customers.  *Microchip*, 441 F.3d at 943 ("There was no underlying legal cause of action between Microchip and Chamberlain in this action. Indeed, Microchip has not identified a single legal claim that it believes Chamberlain could have brought against it in the absence of this declaratory judgment action."); *Allied Min. Prod., Inc. v. Osmi, Inc*., 870 F.3d 1337, 1339 (Fed. Cir. 2017) (finding no jurisdiction where defendant "sued only the customers, not the manufacturer."); *Microsoft Corp. v. DataTern, Inc*., 755 F.3d 899, 904 (Fed. Cir. 2014) (Supplier has no "right to bring the declaratory judgment action solely because their customers have been sued").

Mere economic interest in protecting PI's customers from infringement is not enough. (*Microchip*, 441 F.3d at 943 ("At most, Microchip had only an economic interest in clarifying its customers' rights under Chamberlain's patents, which may have facilitated the sale of Microchip's products. Microchip perhaps would economically have benefited if its customers had no fear of suit by Chamberlain. Such an economic interest alone, however, cannot form the basis of an 'actual controversy' under the Declaratory Judgment Act.").) This lack of standing is the reason that the court dismissed PI's complaint for declaratory judgment in 2020 and is the reason that PI's identical counterclaims for declaratory judgment should be dismissed today.

While PI has intervened with the Court's permission, such intervention should not determine whether there is a case or controversy or whether PI has Article III standing to support a claim under the Declaratory Judgment Act. In the Third Circuit, an intervenor is not required to establish a case or controversy or Article III standing. *King v. Governor of the State of New Jersey,* 767 F.3d 216, 245-46 (3rd Cir. 2014).[1] As admitted by PI, "PI is not required to establish a case or controversy to intervene." (D.I. 43 at 1).

Therefore, based on the current facts and law, there is no justiciable controversy between PI and CogniPower that establishes subject-matter jurisdiction over PI's counterclaims for declaratory judgment of non-infringement of the asserted patents in this action, and PI's counterclaims must be dismissed.

---

[1] Intervention is a procedural issue governed by the law of the regional circuit. *Ericsson Inc. v. InterDigital Commc'ns Corp.*, 418 F.3d 1217, 1221 (Fed. Cir. 2005).

## IV.  EVEN IF JURISDICTION EXISTS, THE COURT SHOULD DECLINE TO EXERCISE IT

Finally, even assuming jurisdiction exists with respect to the counterclaims, this Court should decline to exercise it. Courts decline to "exercise declaratory judgment jurisdiction if it would not afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *BP Chemicals Ltd. v. Union Carbide Corp*., 4 F.3d 975, 981 (Fed. Cir. 1993).

A declaratory judgment suit between CogniPower and PI will not resolve CogniPower's pending suit against Anker.  This is because, as discussed above, Anker is the manufacturer of the accused products.  PI's controller is but one component, and Anker sources this component from other suppliers, including at least On-Bright Electronics Inc., Southchip Semiconductor, ON Semiconductor, and Dongke Semiconductor. CogniPower's affirmative claims against Anker will resolve whether Anker infringes. CogniPower's counterclaims, conversely, add nothing to the case. If CogniPower prevails against PI's declaratory judgment counterclaims, then Anker will simply switch to another supplier.

## V.  ALTERNATIVELY, IN THE EVENT THE COURT CONTINUES TO EXERCISE SUBJECT-MATTER JURISDICTION OVER PI'S COUNTERCLAIMS, THE COURT SHOULD LIMIT THE SCOPE OF THE COUNTERCLAIMS TO ANKER'S ACCUSED PRODUCTS THAT USE PI'S CONTROLLER CHIPS

An intervenor is limited to the issues in the pending action at the time of intervention and may not expand or alter the scope of the issues in the action.  *Chandler & Price Co. v. Brandtjen & Kluge*, 296 U.S. 53, 57–58, 56 S. Ct. 6, 8, 80 L. Ed. 39 (1935)(" The intervener was not entitled to come into the suit for the purpose of having adjudicated a controversy solely between it and plaintiff. Issues tendered by or arising out of plaintiff's bill may not by the intervener be so enlarged. It is limited to the field of litigation open to the original parties."); *Columbia Gas & Elec. Corp. v. Am. Fuel & Power Co*., 322 U.S. 379, 383, 64 S. Ct. 1068, 1071, 88 L. Ed. 1337

(1944)("As an intervenor the United States was limited to the field of litigation open to the original parties."); *United States v. Columbia Gas & Elec. Corp.*, 28 F. Supp. 168, 170 (D. Del. 1939)( To be entitled to permissive intervention an applicant for intervention can not introduce issues outside the scope of the issues raised in the main suite (sic).").

PI's counterclaims are vague as to the scope of the requested relief.  The counterclaims allege that "no power supply product using PI's InnoSwitch™ and LytSwitch-6™ products infringes" (D.I. 60 at 17, 19, ¶¶ 24 and 32).  However, the Prayer for Relief in PI's counterclaims seeks a judgment that "PI has not infringed, and does not infringe, directly or indirectly" the asserted patents.  During the March 5, 2024 hearing on PI's motion to amend its counterclaims, CogniPower's counsel stated that he understood the declaratory judgment counterclaims in PI's answer "to be a declaratory judgment on Anker products" (D.I. 130 at 33).  However, PI has not confirmed this.  To the contrary, in its answer to interrogatory no. 21, PI states, "Understanding this interrogatory to refer to PI's counterclaim for declaratory judgment of noninfringement, PI responds that any product that incorporates an InnoSwitch chip falls within the scope of PI's counterclaim."  *See* Choung Decl.  ¶ 3; Ex. 2 at 5 (Anker's responses to CogniPower's third set of interrogatories).

If PI's counterclaims for declaratory judgment are permitted to continue in this action, they should be limited to the Anker products using PI chips.  First, the Court's subject-matter jurisdiction under the Declaratory Judgment Act cannot extend to non-accused products.  Second, any attempt by PI to extend the pending PI counterclaims to non-Anker products, at this juncture, would be without cause, untimely and contrary to law.  Such an extension of the case was never discussed between counsel or mentioned in the recent joint status report submitted to Your Honor (D.I. 112) or in the letters to the Court dated March 1, 2024 (D.I. 116, 117) and March 19, 2024

(D.I. 119). Third, PI has refused to provide any discovery on incorporation of PI chips in non-Anker products, and PI has represented to the Court that no other products are at issue.  D.I. 147 at 2 (PI discovery letter arguing that discovery should be limited to "products CP put at issue in its contentions" and that "Nothing further is appropriate at this time.").  The Court has already denied PI's motion to add new counterclaims addressing the asserted patents against Samsung in the Texas litigation.  (D.I. 118)    The Court should confirm that the scope of PI's counterclaims for declaratory judgment are limited to the accused Anker products using PI chips.

## VI.    CONCLUSION

The Court should dismiss PI's declaratory judgment counterclaims pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject-matter jurisdiction under the Declaratory Judgment Act.   In the alternative, in the event that the Court permits the counterclaims to remain, the Court should limit them to the accused Anker products and not permit PI's counterclaims to address products other than the accused Anker products using PI chips.

Dated: September 16, 2024

Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Jason G. Sheasby (admitted *pro hac vice*)
Michael Harbour (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010

Facsimile: (310) 203-7199
JSheasby@Irell.com
MHarbour@Irell.com

Jonathan M. Lindsay (admitted *pro hac vice*)
IRELL & MANELLA LLP
840 Newport Center Dr., Suite 400
Newport Beach, California 92660
Telephone: (949) 760-0991
Facsimile: (9 49) 760-5200
JLindsay@Irell.com

Andrew Y. Choung (admitted *pro hac vice*)
Jennifer Hayes (admitted *pro hac vice*)
Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6000
achoung@nixonpeabody.com
jenhayes@nixonpeabody.com
*Attorneys for Plaintiff CogniPower LLC*

\