# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FANTASIA TRADING, LLC D/B/A<br>ANKERDIRECT and<br>ANKER INNOVATIONS LIMITED;<br><br>　　　　　Defendant,<br><br>POWER INTEGRATIONS, INC.<br><br>　　　　　Intervenor. | C.A. No. 19-cv-2293-JLH-SRF<br><br>**FILED UNDER SEAL** |

**CONCISE STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT ON UNCHALLENGED CLAIM ELEMENTS AND MOTION FOR SUMMARY JUDGMENT ON POWER INTEGRATIONS COUNTERCLAIMS AND THIRD AND FOURTH AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANTS AND POWER INTEGRATIONS**

(1) CogniPower's expert, Prof. Ricketts, analyzes and opines that the accused Anker products meet all the claim elements and limitations of the asserted claims of the asserted patents. See Ex. 13 [Ricketts Opening Report], §§ I, ¶¶ 22 & 83-84, VII, ¶¶ 1-5, Appendix C; Ex. 15 [Ricketts Reply Report], § VI, ¶¶ 3-7 (Reply Regarding Infringement).

(2) Anker/PI's expert, Dr. Wei, only disputes three claim limitations and no others: "demand pulse," "rectifier" limitations, and "gating" limitations.



Ex. 4 [Wei Noninfringement Report], ¶ 51.



Id., ¶ 85.



Id., ¶ 114; see Ex. 5 [Wei Rebuttal Report], ¶¶ 126, 160, 175 (same); Ex. 6 [Wei Reply Report], ¶¶ 276, 296, 308 (same).

(3) The three claim limitations disputed by Anker/PI's expert are at the chip-level features. Ex. 4 [Wei Noninfringement Report], ¶¶ 51 (████████████████████████), 85 (████████████████████████████), 114 (████████████████████████████████); see Ex. 5 [Wei Rebuttal Report], ¶¶ 126, 160, 175 (same); Ex. 6 [Wei Reply Report], ¶¶ 276, 296, 308 (same).

(4) Anker/PI's expert does not dispute infringement based on any product-level differences in the accused Anker charger products. Ex. 4 [Wei Noninfringement Report], ¶¶ 81

1



() and 110 (); *see id.*, ¶¶ 51 (), 114 (); Ex. 5 [Wei Rebuttal Report], ¶¶ 126, 160, 175 (same); Ex. 6 [Wei Reply Report], ¶¶ 276, 296, 308 (same).

(5) PI's First Counterclaim for noninfringement of the '031 Patent alleges:

> PI's InnoSwitch™ and LytSwitch-6™ products do not infringe any claim of the '031 patent; likewise no power supply product using PI's InnoSwitch™ and LytSwitch-6™ products infringes any claim of the '031 patent.

D.I. 60, ¶ 24.

(6) PI's First Counterclaim for noninfringement of the '713 Patent alleges:

> PI's InnoSwitch™ and LytSwitch-6™ products do not infringe any claim of the '713 patent; likewise no power supply product using PI's InnoSwitch™ and LytSwitch-6™ products infringes any claim of the '713 patent.

D.I. 60, ¶ 32.

(7) PI asserts that any product that incorporates an InnoSwitch chip falls within the scope of its counterclaim.

> Understanding this interrogatory to refer to PI's counterclaim for declaratory judgment of noninfringement, PI responds that <u>any product that incorporates an InnoSwitch chip falls within the scope of PI's counterclaim</u>, <u>and further does not infringe the Asserted Patents</u>.

Ex. 66 [Anker/PI Resp. to 3rd Rogs (No. 21)] at 4-5 (emphases added).

(8) PI represented to the Court that its intervention in this case was not limited to its customer Anker but encompassed all of its customers. D.I. 43 at 5 ("PI's proposed intervention is not limited to Anker. PI seeks to intervene in order to protect <u>all of its customers</u>, including Samsung.") (emphases added).

(9)     CogniPower has not asserted any affirmative claims for infringement of the Asserted Patents against PI.  *See* D.I. 1 at 6-23 (asserting claims of infringement of the '031 and '713 Patents against only Anker).

(10)    PI admits "█████████████████████████████████████████████████████████████████████." Ex. 62 [PI's 2nd Supp. Resp. to 1st Rogs (Rog 10)] at 17.

(11)    Anker/PI have never identified any other specific product, customer or chip beyond the 12 specific Anker charger products using InnoSwitch3 that stand accused in this case. Hayes Decl., ¶ 68; *see* Ex. 66 [Anker/PI Resp. to 3rd Rogs (No. 21)] at 4-5 (objecting that information about customers and products subject to the counterclaims are "not relevant").

(12)    Anker/PI have never provided any discovery regarding any other specific product, customer or chip beyond the 12 specific Anker charger products using InnoSwitch3 that stand accused in this case.  Hayes Decl., ¶ 69; D.I. 147 at 3 (PI opposing discovery on its counterclaims: "As such, CP's demand for sweeping financial information from PI is neither relevant nor warranted, and is unduly burdensome and disproportionate to the needs of the case."); D.I. 154 [Order] (denying discovery on PI's counterclaims); D.I. 218 [Order] at 7-9 (denying discovery on PI's counterclaims).

(13)    Anker/PI pled the same affirmative defenses of: Prosecution History Estoppel and Equitable Defenses (laches, estoppel, and unclean hands).

> **Third Affirmative Defense: Prosecution History Estoppel**
>
> CogniPower is estopped, based on statements, representations and admissions made during prosecution of the patent applications resulting in the Asserted Patents, from asserting any interpretation of any of the patent claims that would be broad enough to establish any alleged infringement by Fantasia.

D.I. 7 at 9-10; D.I. 53 at 9; and D.I. 60 at 12.

3

**Fourth Affirmative Defense: Equitable Defenses**

CogniPower's attempted enforcement of the Asserted Patents against Fantasia is barred by laches, estoppel, and unclean hands.

D.I. 7 at 10; D.I. 53 at 10; and D.I. 60 at 12.

(14) Anker/PI proffer no other disclosure or evidence for its Prosecution History Estoppel and Equitable Defenses.



Ex. 63 [Anker Amended Resp. to 1st Rogs (No. 12)] at 19.



Ex. 62 [2nd Supp. Resp. to 1st Rogs (No. 12)] at 18-19; *see* Hayes Decl., ¶¶ 71-72.

(15) Anker/PI's Invalidity Contentions present no other disclosure or evidence for their Prosecution History Estoppel or Equitable defenses. Ex. 9 [Invalidity Contentions]; Hayes Decl., ¶ 71.

(16) Anker/PI's experts present no other disclosure, evidence, or opinion as to Anker/PI's Prosecution History Estoppel or Equitable defenses. Hayes Decl., ¶ 72; *see generally*

4

Ex. 3 [Wei Invalidity Report]; Ex. 4 [Wei Non-Infringement Report]; Ex. 5 [Wei Rebuttal Report]; Ex. 6 [Wei Reply Report].

Dated: February 26, 2025

Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Jason G. Sheasby (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
JSheasby@Irell.com

Stephen M. Payne (admitted *pro hac vice*)
IRELL & MANELLA LLP
840 Newport Center Dr., Suite 400
Newport Beach, California 92660
Telephone: (949) 760-0991
Facsimile: (9 49) 760-5200
spayne@Irell.com

Andrew Y. Choung (admitted *pro hac vice*)
Jennifer Hayes (admitted *pro hac vice*)
Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6000
achoung@nixonpeabody.com
jenhayes@nixonpeabody.com
*Attorneys for Plaintiff CogniPower LLC*

5