IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) C.A. No. 19-2293-JLH-SRF |
| | ) |
| FANTASIA TRADING LLC, d/b/a ANKERDIRECT and ANKER INNOVATIONS LIMITED, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| POWER INTEGRATIONS, INC., | ) |
| | ) |
| Intervenor/Counterclaim Plaintiff. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 16th day of July, 2025, having reviewed Plaintiff CogniPower, LLC's Second Motion to Dismiss Power Integrations' Counterclaims for Lack of Subject-Matter Jurisdiction or, in the Alternative, to Limit the Scope of the Counterclaims to the Accused Anker Products Using PI Chips (D.I. 165);

IT IS HEREBY ORDERED that Plaintiff's Motion (D.I. 165) is DENIED:

1.      This Court denied CogniPower's first motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), concluding that it possessed subject matter jurisdiction over Power Integrations, Inc.'s ("PI's") declaratory judgment claims. (D.I. 120; *see also* D.I. 59 (granting PI's motion to intervene).)  In its second motion, CogniPower argues that, "[r]egardless of whether a justiciable controversy existed when PI first moved to intervene and file its counterclaims on August 17, 2020, . . . circumstances have changed." (D.I. 166 at 1–2, 11.)  Notwithstanding the fact that "CogniPower has told at least one existing [PI] customer that CogniPower's patents 'can

be mapped to any power converter containing any [PI] InnoSwitch controller [chip]'" (D.I. 59 at 3), CogniPower argues that there is no longer a justiciable controversy between it and PI because PI is no longer the sole supplier of the controller chips used in Defendant Anker's products. I disagree. The fact that Anker power converters containing non-PI chips exist in the universe does not affect the Court's conclusion that there is a justiciable dispute between PI and CogniPower.

    2.    The Court rejects CogniPower's "alternative" request to "limit" PI's declaratory judgment claims "to the accused Anker products using PI chips."[1] (D.I. 166 at 1.) Even if a motion to dismiss for lack of subject matter jurisdiction were the appropriate procedural mechanism to make that argument (it is not), the scope of any declaratory judgment ultimately issued by the Court will be determined based on the pleadings, the parties' timely disclosed contentions in discovery, and the evidence presented at trial. And the Court declines to weigh in on any additional preclusive effect its judgment might have on a proceeding in Texas (which is for that court to decide).

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[1] PI contends that "[t]he real purpose of CogniPower's motion is to prevent PI from obtaining a judgment that helps its customer Samsung in CogniPower's second-filed case pending in Texas." (D.I. 178 at 7.)