IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC, </br></br>    Plaintiff/Counterclaim Defendant, </br></br> v. </br></br> FANTASIA TRADING LLC, d/b/a ANKERDIRECT and ANKER INNOVATIONS LIMITED, </br></br>    Defendants, </br></br> POWER INTEGRATIONS, INC., </br></br>    Intervenor/Counterclaim Plaintiff. | C.A. No. 19-2293-JLH-SRF |
| COGNIPOWER LLC, </br></br>    Plaintiff, </br></br> v. </br></br> FANTASIA TRADING LLC, d/b/a ANKERDIRECT and ANKER INNOVATIONS LIMITED, </br></br>    Defendants. | C.A. No. 25-66-JLH |

**MEMORANDUM ORDER**

At Wilmington, this 16th day of July 2025, having reviewed Plaintiff CogniPower, LLC's ("CogniPower's") Motion to Consolidate (*CogniPower LLC v. Fantasia Trading, LLC, et al.*, No. 19-cv-2293-JLH-SRF, D.I. 274) two currently pending patent infringement cases between CogniPower and Fantasia Trading LLC, d/b/a AnkerDirect and Anker Innovations Limited (collectively, "Anker"): (1) *CogniPower LLC v. Fantasia Trading, LLC, et al.*, No. 19-cv-2293-JLH-SRF ("Anker I"); and (2) *CogniPower LLC v. Fantasia Trading, LLC, et al.*, No. 25-cv-66-

JLH ("Anker II"); and Anker's Motion to Dismiss or Stay Anker II (Anker II, D.I. 10);

IT IS HEREBY ORDERED that CogniPower's Motion to Consolidate is DENIED. IT IS FURTHER ORDERED THAT Anker's Motion to Dismiss or Stay is GRANTED-IN-PART insofar as it requests a stay of Anker II.

1. Federal Rule of Civil Procedure 42(a) authorizes a court to consolidate actions, in its discretion, if they involve a common question of law or fact. Anker I and Anker II involve common questions of law and fact. But after considering the totality of the circumstances— including but not limited to the following: (i) the late stage of Anker I; (ii) the imminent trial in Anker I, which would need to be continued if the cases were consolidated; (iii) the existence of a later-filed, related proceeding in Texas that is also set for trial soon; (iv) CogniPower's previous statements about desiring a trial in Anker I as soon as possible; (v) the fact that CogniPower filed Anker II only after the Court denied CogniPower's request in Anker I to amend its infringement contentions to add new products, concluding that CogniPower was not diligent; and (vi) keeping the cases separate will not be unduly prejudicial to CogniPower, especially since the resolution of Anker I has the potential to reduce the number of issues that need to be resolved in Anker II—the Court concludes that considerations of efficiency, expense, and fairness favor keeping the cases separate.

2. The Court next turns to Anker's request to stay Anker II. Courts in this district generally consider three factors in determining whether to exercise their discretion to grant a stay: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, including whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. The circumstances discussed above weigh in favor of staying Anker II pending the

resolution of Anker I.  The parties shall file a joint status report in Anker II within 14 days of the Court's entry of final judgment in Anker I.

                                                                 _____
                                                                 The Honorable Jennifer L. Hall
                                                                 UNITED STATES DISTRICT JUDGE