IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC, | ) |
|     Plaintiff/Counterclaim Defendant, | ) |
|     v. | ) C.A. No. 19-2293-JLH-SRF |
| FANTASIA TRADING LLC, d/b/a ANKERDIRECT and ANKER INNOVATIONS LIMITED, | ) |
|     Defendants, | ) |
| POWER INTEGRATIONS, INC., | ) |
|     Intervenor/Counterclaim Plaintiff. | ) |

## MEMORANDUM ORDER

At Wilmington, this 5th day of August, 2025;

WHEREAS, the Court has reviewed Plaintiff's Motion for Summary Judgment that Defendants and Power Integrations are Estopped Pursuant to IPR Estoppel from Relying on Mammano, Steigerwald, and Whittle as Invalidating Prior Art (D.I. 287);

WHEREAS, *inter partes* review ("IPR") estoppel is governed by 35 U.S.C. § 315(e)(2), which provides that "[t]he petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert [] in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review";

WHEREAS, IPR estoppel applies only to those claims "included in the petition" where the petition results in a final written decision, *Click-to-Call Techs. LP v. Ingenio, Inc.*, 45 F.4th 1363, 1370 (Fed. Cir. 2022) (quoting *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir.

2022)); and

WHEREAS, the dependent claims that Anker contends are invalid over the Mammano et al. combination were not included in any petition that resulted in an instituted IPR for which the Patent Trial and Appeal Board issued a final written decision;

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion (D.I. 287) is DENIED.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE