## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COGNIPOWER LLC, | ) | |
| | ) | |
|     Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
|     v. | ) | C.A. No. 19-2293-JLH-SRF |
| | ) | |
| FANTASIA TRADING LLC, d/b/a | ) | |
| ANKERDIRECT and ANKER | ) | |
| INNOVATIONS LIMITED, | ) | |
| | ) | |
|     Defendants, | ) | |
| | ) | |
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
|     Intervenor/Counterclaim Plaintiff. | ) | |

## <u>MEMORANDUM ORDER</u>

At Wilmington, this 5th day of August, 2025;

WHEREAS, the Court has reviewed Plaintiff's Motion for Partial Summary Judgment of Infringement on Unchallenged Claim Elements (D.I. 290), in which Plaintiff asks the Court to grant partial summary judgment that all but three claim limitations in the asserted claims are met by the accused products;

WHEREAS, in support of its Motion, Plaintiff argues that Defendants' and Power Integrations' expert, Dr. Gu-Yeon Wei, only "challenged" three claim limitations;

WHEREAS, Plaintiff does not argue that all the limitations are met for at least one asserted patent claim;

WHEREAS, it is not this Court's usual practice to grant partial summary judgment for individual claim limitations, *see, e.g.*, *Sight Sciences, Inc. v. Ivantis, Inc.*, No. 21-1317-JLH-SRF, D.I. 501 at 12:24–14:10 (D. Del. Mar. 22, 2024);

WHEREAS, even if the Court believed that an individual element of a patent claim was something contemplated by Federal Rule of Civil Procedure 56 as appropriate for partial summary judgment (which it does not), it would not be appropriate under the circumstances of this case and would prejudice Defendants and Power Integrations;[1] and

WHEREAS, even putting aside the issue of prejudice to Defendants and Power Integrations, granting partial summary judgment would not narrow the case in any sensible fashion such that a material portion of the trial won't be necessary, and it will do little to simplify the trial, *see, e.g., Sight Sciences, Inc.*, No. 21-1317-JLH-SRF, D.I. 501 at 12:24–14:10; *see also Adams v. Klein*, No. 18-1330-RGA, 2020 WL 2404772 (D. Del. May 12, 2020);

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion (D.I. 290) is DENIED.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff asks the Court to grant "summary judgment of infringement of . . . all claim elements of the patents-in-suit other than the 'demand pulse,' 'rectifier,' and 'gating' limitations." (D.I. 290.)  But the jury will need to assess whether the disputed claim elements are met in order to determine whether other claim elements are met.  It would be prejudicial for the Court to tell the jury that it had determined "infringement" of certain claim elements if those claim elements cannot be met without the jury finding for Plaintiff on a disputed element.