IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) C.A. No. 19-2293-JLH-SRF |
| | ) |
| FANTASIA TRADING LLC, d/b/a ANKERDIRECT and ANKER INNOVATIONS LIMITED, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| POWER INTEGRATIONS, INC., | ) |
| | ) |
| Intervenor/Counterclaim Plaintiff. | ) |

## **MEMORANDUM ORDER**

At Wilmington, this 8th day of August, 2025;

WHEREAS, the Court has reviewed Plaintiff's Motion for Summary Judgment of No Invalidity Based on OmniSwitch Under 35 U.S.C. § 102(g) due to Insufficiency of Evidence of Prior Conception and Reduction to Practice of OmniSwitch (D.I. 288);

WHEREAS, in support of its Motion, Plaintiff argues that there is "no evidence of conception of the complete invention prior to May 30, 2012" (D.I. 298 at 6–7);[1]

---

[1] The parties do not appear to dispute that the pre-AIA version of 35 U.S.C. § 102 applies. It provides:
> A person shall be entitled to a patent unless— . . . (g) . . . (2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. In determining priority of invention under this subsection, there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

35 U.S.C. § 102(g)(2).

WHEREAS, Defendants and Power Integrations have cited to materials in the record that establish a genuine dispute of material fact about prior conception, including the testimony of multiple Power Integrations employees, written documentation (including lab notebooks and other evidence), and expert testimony (*see, e.g.*, D.I. 325, Ex. 65 at 19:18–20:8; *id.*, Ex. 66 at 25:17–26:23; *id.*, Ex. 67 at 270:8–271:20; *id.*, Ex. 68 ¶¶ 123–28; *id.*, Ex. 69; *id.*, Ex. 71 at 108:23–111:25; *id.,* Ex. 72; *id.*, Ex. 73 at 185:20–186:14, 190:12–191:12; *id.*, Exs. 74–75, 77;  D.I. 326, Exs. 81–82);

WHEREAS, in further support of its Motion, Plaintiff argues that the alleged prior conception "was outside of the U.S." (D.I. 298 at 8);

WHEREAS, the Federal Circuit has explained that "§ 102(g)(2) allows conception to occur in another country," *Solvay S.A. v. Honeywell Int'l Inc.*, 742 F.3d 998, 1000 (Fed. Cir. 2014);

WHEREAS, in further support of its Motion, Plaintiff argues that there is insufficient evidence that Power Integrations reduced the invention to practice prior to May 30, 2012 (D.I. 298 at 10–14);

WHEREAS, Defendants and Power Integrations have cited to materials in the record that establish a genuine dispute of material fact about whether Power Integrations reduced its invention to practice in May 2012 or subsequently and was diligent in doing so (*see, e.g.*, D.I. 325, Ex. 65 at 60:9–19; *id.*, Ex. 68 ¶¶ 123–28; *id*., Exs. 72, 79; *id.*, Ex. 80 ¶¶ 95–97; D.I. 326, Exs. 81–82; *id.*, Ex. 92 at 131:13–133:12);

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion (D.I. 288) is DENIED.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE