# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COGNIPOWER LLC, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-2293-JLH-SRF |
| | ) | |
| FANTASIA TRADING LLC, d/b/a ANKERDIRECT and ANKER INNOVATIONS LIMITED, | ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| POWER INTEGRATIONS, INC., | ) | |
| | ) | |
| Intervenor/Counterclaim Plaintiff. | ) | |

## MEMORANDUM ORDER

At Wilmington, this 8th day of August, 2025;

WHEREAS, the Court has reviewed Plaintiff's Motion for Summary Judgment of No Invalidity Based on OmniSwitch Under 35 U.S.C. § 102(g) Due to Suppression and/or Concealment of OmniSwitch (D.I. 289);

WHEREAS, in support of its Motion, Plaintiff argues that Power Integrations' alleged prior conception and subsequent reduction to practice of the claimed invention "cannot constitute prior art as a matter of law because its development was actively suppressed or concealed and there was no subsequent public disclosure of the asserted [] design details" (D.I. 298 at 14);[1]

---

[1] The parties do not appear to dispute that the pre-AIA version of 35 U.S.C. § 102 applies. It provides:
> A person shall be entitled to a patent unless— . . . (g) . . . (2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. . . .

35 U.S.C. § 102(g)(2).

WHEREAS, "[t]he law permits an inventor some time to develop, improve, and then disclose her invention; it does not require immediate disclosure at the risk of a finding of abandonment, suppression, or concealment," *bioMérieux, S.A. v. Hologic*, No. 18-21, 2020 WL 759546, at *4 (D. Del. Feb. 7, 2020); *see also Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1359 (Fed. Cir. 2006);

WHEREAS, "Section 102(g) does not impose a duty on a prior inventor to use the patent system, or penalize a prior inventor who does not use the patent system, so long as the invention is brought to the public via other means," *bioMérieux*, 2020 WL 759546, at *5, and an invention can be disclosed to the public through commercialization, *see, e.g.*, *Dow Chem. Co. v. Astro–Valcour, Inc.*, 267 F.3d 1334, 1343 (Fed. Cir. 2001); and

WHEREAS, Defendants and Power Integrations have cited to materials in the record that establish a genuine dispute of material fact about whether it suppressed or concealed its OmniSwitch invention, including evidence of continued development and improvement, ultimate commercialization, disclosures of datasheets, and the filing of patent applications (*see, e.g.*, D.I. 325, Ex. 72; *id.*, Ex. 73 at 16:6–14, 150:24–151:4, 180:1–25, 186:15–187:3; D.I. 303, Ex. 62, Attach. A);

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion (D.I. 289) is DENIED.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE