# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) C.A. No. 19-2293-JLH-SRF |
| | ) |
| FANTASIA TRADING LLC, d/b/a ANKERDIRECT and ANKER INNOVATIONS LIMITED, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| POWER INTEGRATIONS, INC., | ) |
| | ) |
| Intervenor/Counterclaim Plaintiff. | ) |

## MEMORANDUM ORDER

At Wilmington, this 8th day of August, 2025;

WHEREAS, the Court has reviewed Plaintiff's Motion to Exclude Certain Opinions of Defendants' Expert Gu-Yeon Wei, PhD (D.I. 294);

WHEREAS, Plaintiff first argues that Dr. Wei's "entire discussion of the OmniSwitch" should be excluded under Federal Rule of Evidence 702 because the so-called "May 2012 tapeout" schematics did not disclose all of the claim elements and because there is insufficient evidence that the May 2012 test chips were actually constructed into a power supply converter covered by the patent claims (D.I. 298 at 26–30);

WHEREAS, Defendants and Power Integrations contend that the asserted claims are invalid under 35 U.S.C. § 102(g),[1] and the Court is unaware of any requirement under the law that prior conception of the claimed invention be corroborated in a single document;

WHEREAS, the Court has already determined that there is a genuine dispute of material fact regarding whether Power Integrations reduced the claimed invention to practice in May 2012 (D.I. 406);

WHEREAS, Plaintiff next argues that Dr. Wei's opinions regarding the "rectifier" claim limitation are contrary to the Court's claim construction (D.I. 298 at 30–33);

WHEREAS, the Court has reviewed the record of the claim construction proceedings[2] and the relevant portions of Dr. Wei's report, and the Court concludes that they are not inconsistent;

WHEREAS, Plaintiff next argues that "Dr. Wei applies inconsistent claim constructions for invalidity and noninfringement" (D.I. 298 at 33–35);

WHEREAS, both sides agree that claim limitations must be interpreted consistently for infringement and validity (*see* D.I. 320 at 38);

WHEREAS, the Court has reviewed the relevant portions of Dr. Wei's report and concludes that he has not employed inconsistent interpretations; and

---

[1] The parties do not appear to dispute that the pre-AIA version of 35 U.S.C. § 102 applies. It provides:
> A person shall be entitled to a patent unless— . . . (g) . . . (2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. In determining priority of invention under this subsection, there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

35 U.S.C. § 102(g)(2).

[2] The Court issued a Claim Construction Order in 2021. (D.I. 70.) The case was reassigned to me in 2024.

WHEREAS, Plaintiff has offered no other basis to exclude Dr. Wei's opinions, and the Court finds that it is more likely than not that the proffered testimony satisfies the requirements of Federal Rule of Evidence 702;

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion (D.I. 294) is DENIED.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE