# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) C.A. No. 19-2293-JLH-SRF |
| | ) |
| FANTASIA TRADING LLC, d/b/a ANKERDIRECT and ANKER INNOVATIONS LIMITED, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| POWER INTEGRATIONS, INC., | ) |
| | ) |
| Intervenor/Counterclaim Plaintiff. | ) |

## MEMORANDUM ORDER

At Wilmington, this 8th day of August, 2025;

WHEREAS, the Court has reviewed Plaintiff's Motion to Exclude Certain Opinions of Defendants' Expert DeForest McDuff, PhD (D.I. 295), in which Plaintiff argues that certain of Dr. McDuff's reasonable royalty opinions should be excluded under Federal Rule of Evidence 702;

WHEREAS, Plaintiff first argues that Dr. McDuff's analysis of consumer power savings is an inappropriate way to value the asserted patents (D.I. 298 at 38–40);

WHEREAS, Plaintiff does not contend that Dr. McDuff's calculations are inaccurate, and the Court agrees with Defendants and Power Integrations that Dr. McDuff's opinions on this point are an appropriate response to Plaintiff's assertions about consumer willingness to pay for the standby power saving benefit of the patented technology;

WHEREAS, Plaintiff next argues that Dr. McDuff offers inappropriate opinions on the purported state of mind of the inventor/founder of Plaintiff (D.I. 298 at 40–41);

WHEREAS, the Court agrees with Defendants and Power Integrations that Dr. McDuff's consideration of Plaintiff's own statements about the value of the patented technology is not improper;

WHEREAS, Plaintiff next argues that Dr. McDuff's reliance on evidence of Plaintiff's offers to license the technology to others was inappropriate because those offers were not accepted and because Dr. McDuff allegedly failed to account for differences between the unconsummated offers and the hypothetical license (D.I. 298 at 41–44);

WHEREAS, it is worth pointing out that Plaintiff (not Defendants) has the burden to prove a reasonable royalty, and the evidence at issue is probative of what Plaintiff would be willing to accept in a hypothetical negotiation;

WHEREAS, the Court has reviewed the relevant portions of Dr. McDuff's opinions and rejects Plaintiff's argument that Dr. McDuff failed to account for differences between the prior licensing offers and the hypothetical negotiation;

WHEREAS, Plaintiff next argues that Dr. McDuff inappropriately relied on certain CogniPower documents regarding potential royalty rates because those documents were "internal" and because Dr. McDuff allegedly failed to account for differences between the patents/products discussed in the documents and the hypothetical negotiation (D.I. 298 at 44–45);

WHEREAS, the Court has reviewed the relevant portions of Dr. McDuff's opinions and rejects Plaintiff's argument that Dr. McDuff failed to account for the differences in technology, and the Court further concludes that the documents at issue are probative of what Plaintiff might be willing to accept in a hypothetical negotiation;

WHEREAS, Plaintiff next argues that Dr. McDuff inappropriately relied on a 2023 "Royalty Rate Industry Summary Reports Overview" from RoyaltySource and a 2010 article

entitled, "Technology Royalty Rates in SEC Filings," in the context of assessing *Georgia-Pacific* factor 12[1] because Dr. McDuff failed to establish comparability between the technologies surveyed and the patented technology (D.I. 298 at 45–46);

WHEREAS, Dr. McDuff's reliance on these two surveys in the context of assessing *Georgia-Pacific* factor 12 is not inappropriate, especially since he does not rely on any rates listed in either survey and instead merely discusses how the surveys reflect how royalties for "hardware-intensive" products (like those at issue) that incorporate "a wide variety of overlapping technologies" are generally lower than for products like software and pharmaceuticals (D.I. 303, Ex. 11 ¶ 201), and he elsewhere opines that Plaintiff's own licensing offers and other evidence are the best indicators of a reasonable royalty (*see, e.g.*, *id.*, Ex. 11 n.437);

WHEREAS, Plaintiff finally argues that Dr. McDuff "should be barred from making references to Power Integrations' patents" because it would confuse the jury (D.I. 298 at 46);

WHEREAS, (i) Dr. McDuff does not suggest that no damages are owed because Power Integrations has its own patents, (ii) he appropriately refers to Power Integrations' patents in support of his opinion that Plaintiff failed to apportion its asserted royalty rate to account for other technologies, and (iii) the risk of jury confusion does not substantially outweigh the probative value of his opinion;[2]

WHEREAS, Plaintiff has offered no other basis to exclude Dr. McDuff's opinions, and the Court finds that it is more likely than not that the proffered testimony satisfies the requirements of

---

[1] *Georgia-Pacific* factor 12 is "[t]he portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions." *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

[2] The Court is amenable to a jury instruction that explains the purpose(s) for which Power Integrations' patents may (or may not) be considered.

Federal Rule of Evidence 702;

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion (D.I. 295) is DENIED.

                                                          _____
                                                          The Honorable Jennifer L. Hall
                                                          UNITED STATES DISTRICT JUDGE