**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| COGNIPOWER LLC, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) C.A. No. 19-2293-JLH-SRF |
| | ) |
| FANTASIA TRADING LLC, d/b/a | ) |
| ANKERDIRECT and ANKER | ) |
| INNOVATIONS LIMITED, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| POWER INTEGRATIONS, INC., | ) |
| | ) |
| Intervenor/Counterclaim Plaintiff. | ) |

## <u>MEMORANDUM ORDER</u>

At Wilmington, this 8th day of August, 2025;

WHEREAS, the Court has reviewed Defendants' Motion for Summary Judgment and Motion to Exclude Certain Expert Testimony (D.I. 284), which argues, among other things, that the Court should grant summary judgment that power supplies using InnoSwitch3 and InnoSwitch4 chips do not infringe the asserted patents because such products do not satisfy the "demand pulse" limitation required by all claims (D.I. 285 at 7–14);

WHEREAS, the Court construed "demand pulse" as a "pulse generated on the secondary side that determines when to turn on a primary switch and does not determine when to turn off the switch" (D.I. 70 at 2);[1]

WHEREAS, Defendants and Power Integrations contend that the accused demand pulses

---

[1] The Court issued a Claim Construction Order in 2021. (D.I. 70.) The case was reassigned to me in 2024.

determine when to turn off the switch because they determine the switching frequency, which in turn determines the current limit threshold, which determines when the primary switch turns off;

WHEREAS, Plaintiff cites the opinion of its expert that "in the InnoSwitch3 controller chips, the primary controller determines when to turn off the switch using current limit" (D.I. 331, Ex. 4, § VII ¶ 229; *id.*, Ex. 4, § IX ¶ 216; *id.*, Ex. 4, § XI ¶¶ 12, 26) and that the current limit threshold is not solely a function of switching frequency but rather is a function of multiple inputs (*see, e.g.*, D.I. 331, Ex. 4, § VII ¶¶ 237–242; *id.*, Ex. 12 at 147:5–148:23);

WHEREAS, summary judgment is inappropriate because the record reflects a dispute of material fact about whether the products at issue meet the "demand pulse" limitation as construed by the Court;

WHEREAS, Defendants and Power Integrations next argue that the Court should preclude certain of Plaintiff's expert testimony and grant summary judgment of noninfringement because (i) in an October 23, 2024 Order, the Magistrate Judge rejected Plaintiff's proposed supplemental infringement contentions as untimely (*see* D.I. 218); (ii) Plaintiff's expert opinions on the "rectifier" and "demand pulse" limitations track the same theories disclosed in the proposed supplemental infringement contentions; (iii) those expert opinions should therefore be excluded to the extent they track the proposed supplemental infringement contentions; (iv) Plaintiff's experts should be precluded from testifying "beyond the scope of [Plaintiff]'s [original infringement] contentions"; and (v) Plaintiff's original contentions "fail to establish infringement as a matter of law" (D.I. 285 at 15–20);

WHEREAS, the Court has reviewed the record of the proceedings to date and agrees with Plaintiff that the Magistrate Judge's October 23, 2024 Order (D.I. 218) does not prevent Plaintiff from offering its experts' infringement opinions about the "rectifier" and "demand pulse"

limitations;[2]

WHEREAS, although Plaintiff's expert opinions about the "rectifier" and "demand pulse" limitations are more detailed than Plaintiff's original infringement contentions, the Court cannot conclude that Plaintiff's expert opinions raised new theories or changed theories, and the opinions will therefore not be excluded;

WHEREAS, Defendants and Power Integrations next argue that the Court should grant summary judgment that Plaintiff may not rely on the doctrine of equivalents (DOE) because the Magistrate Judge's October 23, 2024 Order rejected Plaintiff's DOE contentions as untimely (D.I. 218 at 7), and Plaintiff did not object to the Magistrate Judge's ruling on that point (*see* D.I. 234);

WHEREAS, the Court has reviewed the record of the proceedings to date and agrees with Defendants and Power Integrations that the Court has already ruled that Plaintiff may not rely on the DOE to show infringement;[3]

WHEREAS, Defendants and Power Integrations next argue that the Court should grant summary judgment of no willful infringement because the Magistrate Judge's October 23, 2024 Order rejected Plaintiff's request for leave to amend its complaint to add a claim for willful infringement (*see* D.I. 218);

WHEREAS, the Court has reviewed the record of the proceedings to date and agrees with

---

[2] The Magistrate Judge's October 23, 2024 Order focused on the parties' disputes about these changes to Plaintiff's infringement contentions: "(1) the identification of new accused products that are allegedly 'reasonably similar' to the previously accused products; (2) the inclusion of an earlier date of conception with citations to supporting evidence; and (3) the addition of new doctrine of equivalents ('DOE') allegations and a post-suit willful infringement claim." (D.I. 218 at 3.)

[3] The Court does not believe that analysis of the *Pennypack* factors is necessary under the current procedural posture, as the Magistrate Judge concluded that the *Pennypack* factors supported striking Plaintiff's DOE theories, and Plaintiff did not object to the Magistrate Judge's ruling on that point.  (D.I. 218; D.I. 234.)

Defendants and Power Integrations that the Court has already ruled that Plaintiff may not proceed on a theory of willful infringement;

WHEREAS, Defendants and Power Integrations next argue that the Court should grant summary judgment of no indirect infringement because Plaintiff's infringement contentions didn't sufficiently disclose a theory of indirect infringement; and

WHEREAS, the Court has reviewed the record and concludes that Plaintiff's infringement contentions adequately disclosed Plaintiff's theory that Defendants sell the accused power converters and that downstream customers infringe the patents when they use the power converters (D.I. 331, Ex. 21 at 4; *id.*, Ex. 4, § XII);

NOW, THEREFORE, the Motion (D.I. 284) is GRANTED-IN-PART, DENIED-IN-PART, and RESERVED-IN-PART:

1.    The Motion is DENIED insofar is it requests summary judgment of noninfringement.

2.    The Motion is GRANTED insofar as it requests summary judgment that Plaintiff may not rely on the doctrine of equivalents to show infringement.

3.    The Motion is GRANTED insofar as it requests summary judgment of no willful infringement.

4.    The Motion is DENIED insofar as it requests summary judgment of no indirect infringement.

5.    The Court will issue a separate order addressing the remaining issues raised in the Motion.

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE