IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COGNIPOWER LLC, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | C.A. No. 19-2293-JLH-SRF |
| ) | |
| FANTASIA TRADING LLC, d/b/a ) | |
| ANKERDIRECT and ANKER ) | |
| INNOVATIONS LIMITED, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| POWER INTEGRATIONS, INC., ) | |
| ) | |
| Intervenor/Counterclaim Plaintiff. ) | |

## MEMORANDUM ORDER

At Wilmington, this 8th day of August, 2025;

WHEREAS, the Court has reviewed Defendants' Motion for Summary Judgment and Motion to Exclude Certain Expert Testimony (D.I. 284), which argues, among other things, that the Court should grant summary judgment that Power Integrations did not "derive" the OmniSwitch invention from Plaintiff (D.I. 285 at 22–33);

WHEREAS, Plaintiff originally asserted a priority date of July 3, 2012;

WHEREAS, Defendants and Power Integrations contend that the asserted claims are invalid under 35 U.S.C. § 102(g)[1] because Power Integrations conceived of its OmniSwitch

---

[1] The parties do not appear to dispute that the pre-AIA version of 35 U.S.C. § 102 applies. It provides:
> A person shall be entitled to a patent unless— . . . (g) . . . (2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. In determining priority of invention under this subsection, there shall be

invention no later than May 2012 and thereafter diligently reduced it to practice;

WHEREAS, in an October 23, 2024 Order, the Magistrate Judge rejected Plaintiff's request to modify its contentions to assert an earlier conception date (D.I. 218);

WHEREAS, Plaintiff at first objected to the Magistrate Judge's October 23, 2024 Order (D.I. 234) but then withdrew its objection (D.I. 258);

WHEREAS, Plaintiff's "derivation" theory relates to Defendants' and Power Integrations' 35 U.S.C. § 102(g) invalidity defense and hinges on Plaintiff establishing a conception date before July 2012;[2]

NOW, THEREFORE, the Motion (D.I. 284) is GRANTED-IN-PART and RESERVED-IN-PART:

1. The Motion is GRANTED insofar as it requests summary judgment that Power Integrations did not "derive" the OmniSwitch invention from Plaintiff.

2. The Court will issue a separate order addressing the remaining issues raised in the Motion.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

35 U.S.C. § 102(g)(2).

[2] While the parties spill much ink disputing what Plaintiff's theory of "derivation" actually is, and what legal standards apply to it, the Court notes that Plaintiff requested the following instruction pertaining to its "derivation" theory in the jury instruction on invalidity under 35 U.S.C. § 102(g): "You may find that derivation occurred if the inventors of the Asserted Patents were the first to conceive of the invention, and communicated it to the inventors of the asserted prior art." (D.I. 398 at 42.) This confirms for the Court that—despite how Plaintiff may have framed its derivation theory in the past—Plaintiff currently acknowledges that its derivation theory depends on Plaintiff establishing a conception date before July 2012.